**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**T.L. BRICKELL, Defendant–Appellant.**

**No. 88–3024.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1988.

Decided April 6, 1989.

Eli Halpren, Rochester, Wash., for defendant-appellant.

Portia R. Moore, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, WALLACE and BRUNETTI, Circuit Judges.

PER CURIAM:

Brickell appeals from the district court's denial of his Fed.R.Crim.P. 35(a) motion to

correct an illegal sentence. He challenges the legality of a special parole term imposed as part of his sentence for violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Brickell argues that the district court was not authorized to impose a special parole term under the version of 21 U.S.C. § 841(b)(1)(A) in effect when he was sentenced. The district court had jurisdiction under 18 U.S.C. § 3742. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the record leaves unclear the precise statutory basis for Brickell's sentence, we cannot evaluate the legality of his sentence. We therefore remand to the district court for clarification of Brickell's sentence.

On January 18, 1985, Brickell pleaded guilty to a single count of distribution of heroin in violation of 18 U.S.C. § 2, as well as 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On March 8, 1985, the court sentenced Brickell to seven years in prison, to be followed by a special parole term of five years, plus a fifty dollar fine. On December 11, 1987, Brickell filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a), contending that the special parole period was illegally imposed. The district court denied the motion. Brickell timely appeals.

The complexity of the problem here stems from 1984 congressional legislation changing the penalties for drug offenses. Different changes took effect at different times, some immediate, some delayed. Some unraveling of these changes is required to identify the penalty provisions actually in effect at the time of Brickell's sentence. The difficulty is that there were two penalty provisions in effect under which Brickell might have been sentenced, depending on how we interpret his guilty plea. His sentence was permissible under only one. But the terms of his plea agreement were inconsistent with both provisions. His conduct, sentence, and plea agreement were consistent with a provision which was no longer in effect.

21 U.S.C. § 841(b) establishes the penalties for violations of 21 U.S.C. § 841(a)(1). In sentencing Brickell, the district judge explicitly invoked 21 U.S.C. § 841(b)(1)(A).

The critical date is October 12, 1984. Had Brickell pleaded guilty and received his sentence prior to that date, it would be clear that he was sentenced under the version of 21 U.S.C. § 841(b)(1)(A) in effect at that time. The terms of Brickell's plea agreement indicate his awareness of the statutorily prescribed penalties under that version of section 841(b)(1)(A): a maximum 15–year prison term, a maximum $25,000 fine, and a minimum 3–year special parole term. Another aspect of Brickell's plea agreement also indicates his reliance on the older version of section 841(b)(1)(A). Before October 12, 1984, section 841(b)(1)(A) was triggered by a violation of section 841(a)(1) without regard to the quantity of the controlled substance, provided that the substance was a narcotic drug, including heroin. Brickell pleaded guilty to distribution of an unspecified quantity of heroin.

On October 12, 1984, prior to Brickell's plea and sentence, Congress amended section 841(b) in two separate places. Section 224 of the Sentencing Reform Act of 1984, Chapter II of the Comprehensive Crime Control Act of 1984, Public Law 98–473, repealed the imposition of a special parole term for violations of section 841(b)(1)(A). Pub.L. No. 98–473, § 224(a)(1), 98 Stat. 1837, 2030 (1984). Section 235(a)(1) of this act delayed the effective date of Chapter II until November 1, 1986, later changed to November 1, 1987. Pub.L. No. 98–473, § 235(a)(1), 98 Stat. at 2031 (effective November 1, 1986); Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, 1728 (1985) (effective November 1, 1987). To complicate matters further, before this repeal of the special parole term became effective, Congress changed its mind. On October 27, 1986, Congress passed the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207 (1986). Section 1005 of that act nullified the repeal of the special parole term which had been effected by section 224(a)(1) of the Sentencing Reform Act. Pub.L. No. 99–570, § 1005(a)(2), 100 Stat. 3207-6 (1986). In addition, section 1004 substituted the phrase "term of supervised release" for "special parole term," and provided that this change would take effect on

November 1, 1987. Pub.L. No. 99–570, § 1004, 100 Stat. 3207–6 (1986); *see also id.* § 1002, 100 Stat. 3207–2 (1986). But the effective date of all of these changes was after Brickell's plea and sentence. *See United States v. Torres* (9th Cir.1989) (*Torres*).

Congress made other changes to section 841(b) which appeared in section 502 of Chapter V of Pub.L. No. 98–473. These changes took effect immediately, on October 12, 1984. *See Torres.*

The provision which before 1984 was section 841(b)(1)(A) was redesignated section 841(b)(1)(B). Pub.L. No. 98–473, § 502(1)(A), 98 Stat. 2068 (1984). The maximum statutory fine under the new (b)(1)(B) was raised from $25,000 to $125,000. Pub.L. No. 98–473, § 502(1)(B)(ii), 98 Stat. 2068 (1984). Congress also adjusted the drug quantities which would trigger each provision of section 841(b)(1). While the old section 841(b)(1)(A) applied to a violation of section 841(a) involving any quantity of heroin, the new section 841(b)(1)(B) would be triggered by violations involving less than 100 grams of heroin. Pub.L. No. 98–473, § 502(1)(B)(i), 98 Stat. 2068.

Congress inserted a new section 841(b)(1)(A) which in the case of heroin applied to violations involving 100 grams or more. Pub.L. No. 98–473, § 502(1)(A), 98 Stat. 2068. This new (b)(1)(A) contained no provision imposing a special parole term. Pub.L. No. 98–473, § 502(1)(A)(iv), 98 Stat. 2068; *see Torres.*

The complaint, the second amended information, and Brickell's plea agreement indicate that Brickell distributed heroin on November 27, 1984—after Congress passed Pub.L. No. 98–473. He was sentenced in March of 1985. Thus, at the time of his conduct and sentence, the changes in Chapter V of 98–473 were already in effect; the Chapter II amendments, however, were not yet in effect.

We now turn to the problem of identifying the provision under which Brickell was sentenced. There is some indication in the record that Brickell's violation involved more than 100 grams of heroin, which would trigger the new section (b)(1)(A).

The complaint against Brickell and his co-conspirators alleges that they had 130 grams, but neither the second amended information nor the plea agreement indicates a particular quantity of heroin. The record does not exclude the possibility that the plea bargain could have been for a lesser quantity than alleged in the complaint.

The plea indicated Brickell's awareness of the statutory penalties prescribed under a statute identified as section "841(b)(1)(A)." These penalties included imprisonment of up to 15 years, a fine of up to $25,000, and a special parole term of at least 3 years. These terms correspond precisely to the maximum penalties for a first offense under the version of section 841(b)(1)(A) in effect until October 12, 1984, when Congress enacted Pub.L. No. 98–473. Moreover, because that version of the statute became applicable by violations involving *any* amount of heroin, it was then unnecessary to specify the quantity of heroin. But Brickell could not have been lawfully sentenced under this version of the statute, because it was no longer in effect.

The second amended information, the plea agreement, and the judgment all identify section "841(b)(1)(A)" as the penalty provision to be applied to Brickell. According to the government, because the United States attorney did not allege that the distribution of heroin involved 100 grams or more, the allegation was therefore for less than 100 grams. As a result, the reference to section 841(b)(1)(A) was a mistake, and the penalty provision should have been identified as section 841(b)(1)(B). But the plea agreement did not accurately recite the statutory penalty provisions under the new (b)(1)(B). The 1984 amendments, effective immediately, raised the maximum fine for a first offense to $125,000. Pub.L. No. 98–473, § 502(1)(B)(ii), 98 Stat. 2068 (1984). The plea, however, alluded to a maximum of $25,000, the amount mentioned in the old (b)(1)(A) before the amendments.

Nor did the plea agreement accurately recite the statutory penalties under the new (b)(1)(A), which for a first offender included a 20–year sentence and a $250,000

fine, but no possibility of a special parole term. Pub.L. No. 98–473, § 502(1)(A)(iv), 98 Stat. 2068 (1984).

We therefore order a limited remand of this case to the district court for clarification of the statutory basis for Brickell's sentence. If the district court concludes that vacation of the sentence and resentencing is necessary, it has the authority to do so and we will entertain a motion to dismiss this appeal.

REMANDED.