**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Santos TORRES, Defendant–Appellant.**

**No. 87–5342.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 1988 *.

Filed Jan. 17, 1989.

As Amended July 20, and Oct. 12, 1989.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34–4 and Fed.R.App.P. 34(a).

Santos Torres, Milan, Mich., pro per.

John F. Walsh, III, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before SCHROEDER, REINHARDT and LEAVY, Circuit Judges.

PER CURIAM:

Santos Torres appeals the denial of his motion to correct his sentence of 25 years of special parole following his guilty plea for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Because we conclude that the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of Torres' sentencing did not authorize the imposition of a special parole term, but did require the imposition of a mandatory term of supervised release, we reverse and remand for resentencing.

On May 22, 1987, the district court sentenced Torres to a fifteen-year term of imprisonment and a 25–year special parole term. Torres filed a motion for correction of sentence pursuant to Fed.R.Crim.P. 35(a) on November 13, 1987, asking the court to strike the special parole term as illegal. The court denied this motion on November 16, 1987, stating that "a special parole term is mandatory, there is no illegality." This appeal followed.

Prior to 1984, 21 U.S.C. § 841(b)(1)(A)(1982) required that first-time narcotics offenders like Torres receive a minimum special parole term of at least three years. The provision read, in pertinent part:

> (b) Penalties ... In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of ... a prior conviction [punishable under this paragraph], impose a special parole term of at least three years in addition to such term of imprisonment....

Special parole could be revoked if its conditions were violated, and the offender required to serve all or part of the special parole term in prison. *See* 21 U.S.C. § 841(c)(1982).

In the Comprehensive Crime Control Act of 1984, Congress amended section 841(b)(1)(A) and created two separate subsections. Comprehensive Crime Control Act, Pub.L. No. 98–473, ch. V, § 502, 98 Stat. 1976, 2068 (1984). The new statute distinguished large-volume narcotics offenses from those involving smaller volumes of narcotics and provided different penalties for each classification. The new section 841(b)(1)(A) provided the penalties for narcotics crimes involving more than a specified volume of narcotics. *See* 21 U.S.C. § 841(b)(1)(A) (Supp. III 1985). Appellant was convicted of such a crime. The new section 841(b)(1)(A) contained no provision authorizing special parole terms for those convicted of such large-volume narcotics crimes. Thus, section 841(b)(1)(A) as amended October 12, 1984 did not authorize special parole terms for appellant's offense.[1]

---

1. Some confusion has been generated by the fact that different parts of the Comprehensive Crime Control Act had different effective dates.

Chapter V, which contained the amendment to section 841(b)(1)(A) distinguishing between large-volume and small-volume narcotics of-

The government agrees that a "special parole" term as such was not authorized by the statute. The government nevertheless argues that, under the 1986 amendments to the Comprehensive Crime Control Act, provision was made for sentences of "supervised release" for offenses such as appellant's.

We conclude that a provision requiring a term of supervised release for Torres' offense was in effect at the time of his sentencing. Section 1004 of Pub.L. 99–570, 100 Stat. 3207, 3207–6 (1986), which deleted all remaining references to special parole terms and substituted for them the term "supervised release," was to take effect at the same time as the Sentencing Reform Act, 18 U.S.C. § 3551 (Supp. IV 1986). Section 3558 did not go into effect until November 1, 1987. *See* Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985).

Section 1002 of Pub.L. 99–570, 100 Stat. 3207–2, 3207–3 (1986), however, also provided for a term of supervised release. Section 1002, unlike section 1004 of Pub.L. 99–570, did not carry an express provision for its effective date. Therefore, as we held in *United States v. Meyers,* 847 F.2d 1408, 1415 (9th Cir.1988), under general principles of statutory construction section 1002 took effect on the date of its enactment, October 27, 1986. Under that provision, therefore, Torres was subject to a mandatory minimum five-year term of supervised release in addition to his term of imprisonment. *But see United States v. Byrd,* 837 F.2d 179, 181 (5th Cir.1988) (holding that section 1002 of Pub.L. 99–570 did not go into effect until November 1, 1987); *accord United States v. Whitehead,* 849 F.2d 849, 860 (4th Cir.1988); *United States v. Smith,* 840 F.2d 886, 889 (11th Cir.1988).

Torres committed the offense on Feb. 18, 1987, was convicted on April 14, 1987, and sentenced on May 22, 1987. Under the version of section 841(b)(1)(A) effective until November 1, 1987, no statutory authorization existed for a special parole term for a drug related offense involving more than 5 kilograms of cocaine, as did Torres'. Torres is thus correct in arguing that the special parole term of his sentence was not authorized by the version of section 841(b)(1)(A) in effect at the time of his sentencing on May 22, 1987. The special parole term of his sentence is illegal and must be vacated.

Under the 1986 amendments to the Comprehensive Crime Control Act, however, a mandatory supervised release term of at least five years was required for offenders convicted of large-scale narcotics violations. Therefore Torres' sentence should have included a mandatory term of supervised release of at least five years, rather than a term of special parole. We therefore reverse and remand for resentencing.

REVERSED.

fenders, is the chapter of the Act applicable to this case. Chapter V did not contain an express effective date provision, and thus went into effect immediately when the Act was signed into law. *Cf. United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986) (special parole term not authorized for large-volume narcotics offense committed in December, 1984). Chapter II of the Act, also known as the Sentencing Reform Act, also incorporated an amendment to section 841(b)(1). That amendment expressly deleted the sentence authorizing a special parole term. Pub.L. 98–473, ch. II, § 224, 98 Stat. 1976, 2030. Chapter II, however, was not to take effect until November 1, 1986, a date which was later postponed until November 1, 1987. *Id.* at 2031–33. The Sentencing Reform Act amendments thus did not apply at the time of appellant's sentencing. The immediately effective amendments contained in Chapter V, however, did. *See United States v. Meyers,* 847 F.2d 1408, 1416 (9th Cir.1988).