892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben Cruz FEDERICO, Defendant-Appellant.
 No. 89-10150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1989.*
Decided Oct. 13, 1989.
As Amended on Denial of Rehearing Dec. 6, 1989.
 
 Before WILLIAM A. NORRIS, DAVID R. THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Cruz Federico ("Federico"), a federal prisoner, appeals pro se the district court's denial of his motion for correction of sentence pursuant to Fed.R.Crim.P. 35(a). We vacate Federico's sentence in part and remand for resentencing.
 
 FACTS AND PROCEEDINGS
 
 3
 On July 17, 1987, Federico pleaded guilty to possession with intent to distribute two kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The offense occurred in May 1987. On August 31, 1987, the district court, pursuant to section 841(b)(1)(B), sentenced Federico to five years of imprisonment and a ten-year term of special parole. The court also imposed a $50.00 special assessment pursuant to 18 U.S.C. § 3013.
 
 
 4
 The court denied Federico's subsequent Rule 35(b) motion arguing that the sentence was too harsh. Federico then filed a Rule 35(a) motion in which he argued that the court was not authorized to impose a term of special parole by the version of section 841(b)(1)(B) in effect at the time of his sentencing. This motion was also denied by the court and this timely appeal followed.
 
 ANALYSIS
 
 5
 Federico challenges the legality of the ten-year term of special parole. Stated tersely, his argument is that section 224 of the Sentencing Reform Act, Chapter II of the Comprehensive Crime Control Act of 1984 ("CCCA"), Pub.L. No. 98-473, which deleted the special parole term from section 841(b), went into effect on the date of its enactment, October 12, 1984. Pub.L. No. 98-473, § 224(a)(2), 98 Stat. 1837, 2030 (1984). This argument is without merit.
 
 
 6
 Section 235(a)(1) of the CCCA delayed the effective date of Chapter II, including section 224, until November 1, 1986, later extended to November 1, 1987. Pub.L. No. 98-473, § 235(a)(1), 98 Stat. at 2031; Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, § 4, 99 Stat. 1728 (1985). Subsequently, the section 224 repeal of the special parole term was deleted altogether--before it ever became effective. Pub.L. No. 99-570, § 1005(a)(2), 100 Stat. 3207-1, 3207-6 (1986); see United States v. Brickell, 872 F.2d 307, 308-09 (9th Cir.1989).
 
 
 7
 Nevertheless, our recent holding in United States v. Torres, 880 F.2d 113 (9th Cir.1989), makes clear that no statutory authorization for a term of special parole existed pursuant to section 841(b)(1)(B) at the time Federico was sentenced. The facts of Torres are similar to those of the present case.
 
 
 8
 Torres pleaded guilty to a drug-related offense involving more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced on May 22, 1987 pursuant to 21 U.S.C. § 841(b)(1)(A) to a fifteen-year term of imprisonment and a twenty-five year special parole term. We held that the version of section 841(b)(1)(A) in effect at the time of his sentencing did not authorize the imposition of a term of special parole. This is because section 1002 of the Anti-Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99-570, § 1002, 100 Stat. 3207-1, 3207-3 (1986), which deleted and rewrote the then-existing section 841(b)(1)(A) to require a term of supervised release, went into effect on its date of enactment, October 27, 1986. Torres, 880 F.2d at 115 (citing United States v. Meyers, 840 F.2d 1408, 1415 (9th Cir.1988)). Since the rewritten section 841(b)(1)(A) in effect at the time Torres was sentenced on May 22, 1987 provided for a term of supervised release rather than special parole, we held that his sentence was illegal and had to be vacated. Id.
 
 
 9
 The same analysis is applicable in the present case. Federico was sentenced on August 31, 1987 pursuant to section 841(b)(1)(B). This section, like section 841(b)(1)(A), had been rewritten to provide for a term of supervised release rather than special parole by section 1002 of the ADAA. Pub.L. No. 99-570, § 1002, 100 Stat. 3707-1, 3707-4 (1986). As we held in both Meyers and Torres, section 1002 of the ADAA became effective on October 27, 1986. Therefore, the version of section 841(b)(1)(B) in effect when Federico was sentenced--the version rewritten by section 1002 of the ADAA--did not authorize the imposition of a term of special parole. The special parole term of Federico's sentence is thus illegal and must be vacated. "However, as we pointed out in Torres, section 1002 of the ADDA replaced the special parole term with a mandatory term of supervised release. Torres, 880 F.2d at 115. Therefore, according to the rewritten section 841(b)(1)(B), Federico's sentence should have included a mandatory term of supervised release of at least four years rather than a term of special parole. We therefore vacate the special parole term of Federico's sentence and remand for resentencing."
 
 
 10
 With the memorandum disposition thus amended, the petition for rehearing is denied.
 
 
 11
 Finally, although Federico did not raise the issue in his appeal, we recently held that the special assessment provisions of 18 U.S.C. § 3013 violate the origination clause of the Constitution, article I, section 7. United States v. Munoz-Flores, 863 F.2d 654 (9th Cir.1988). Thus, the special assessment of $50.00 imposed on Federico must be vacated.
 
 
 12
 We remand to enable the district court to resentence Federico.
 
 
 13
 VACATED IN PART and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3