Before BECKER, GREENBERG and VAN DUSEN, Circuit Judges.

The UNITED STATES

v.

**Philip Henry OLECK and David Bedell.**

**Appeal of David BEDELL.**

No. 89–3461.

United States Court of Appeals, Third Circuit.

Submitted Oct. 10, 1989.

Decided Jan. 25, 1990.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal presents the same question as that posed in the companion case, *United States v. Gozlon–Peretz*, 894 F.2d 1402 i.e. whether the district court had authority to impose a term of supervised release for a sentence imposed pursuant to 21 U.S.C. § 841(b)(1) for an offense committed after October 27, 1986, the date of enactment of the Anti–Drug Abuse Act of 1986 (ADAA), but before November 1, 1987, the effective date of ADAA section 1004.[1]  Appellant

---

**1.** Section 1002 of the ADAA replaced old §§ 841(b)(1)(A), (B) and (C) with new provisions that included supervised release terms, not special parole terms. 100 Stat. 3207–2 to 3207–4

David Bedell was convicted under § 841(b)(1)(B) for an offense committed on July 1, 1987. He was sentenced on December 8, 1987, to a term of five years of imprisonment, followed by four years of supervised release. Bedell argues that neither special parole nor supervised release was available for offenses committed on that date.[2]

Bedell differs from appellant Gozlon-Peretz in that Gozlon–Peretz was convicted under § 841(b)(1)(A), not § 841(b)(1)(B). This difference could be seen as crucial because the Comprehensive Crime Control Act, Pub.L. No. 98–473, 98 Stat. 1837, 1976 (1984) ("the Act"), apparently inadvertently, left out both special parole and supervised release for the newly created § 841(b)(1)(A) offenses. Bedell was sentenced under § 841(b)(1)(B), which contained a special parole term.[3] Thus, as the fourth, fifth, and eleventh circuits have done, *see United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988), *United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir. 1988), and *United States v. Smith*, 840 F.2d 886 (11th Cir.1988), we could rule that because special parole was available in § 841(b)(1)(B), and because it is not clear when Congress meant the ADAA amendments to the Act to go into effect, Bedell should be sentenced to a special parole term. However, for the reasons set forth in *Gozlon–Peretz*, we believe that the correct reading of the ADAA is that supervised release replaced special parole in §§ 841(b)(1)(A), (B) and (C) as of the date of the ADAA's enactment, October 27, 1986. Therefore, we hold that supervised release was the proper sentence. The government, after a change of position, apparently agrees with that result in this case.

The judgment of sentence will be affirmed.

(1986). Section 1004(a) of the ADAA substituted "supervised release" for all remaining "special parole" offenses. Section 1004(b) explicitly linked section 1004's effective date to the effective date of the Sentencing Reform Act, November 1, 1987. *See* 100 Stat. at 3207–6.

2. Appellant contends that he should be treated as having violated § 841(b)(1)(A) because he was charged with distribution of over 500 grams of cocaine. Section 841(b)(1)(A) carries a higher penalty. However, we can decide the case only on the basis of the charge in the indictment. Bedell can hardly complain that he was charged with an offense that carries a lesser penalty.

3. The § 841(b)(1)(B) under which Bedell was sentenced was the exact same provision as the "old" (pre-Act) § 841(b)(1)(A). The Act redesignated old §§ 841(b)(1)(A) and (B) as new §§ 841(b)(1)(B) and (C), respectively. 98 Stat. at 2068.