**UNITED STATES of America, Plaintiff,**

v.

**Cynthia Marie ALLEN, Defendant.**

### No. 87 CR 711–1.

United States District Court,
N.D. Illinois, E.D.

March 13, 1990.

Canella Heinrichs, Asst. U.S. Atty., Chicago, Ill., for U.S.

Cynthia Allen, Alderson, W. Va., pro se.

Roberta Samotny Atty. of Record, Chicago, Ill., for defendant.

---

## MEMORANDUM OPINION
## AND ORDER

HART, District Judge.

Cynthia Allen and Sabra Diogioes conditionally pleaded guilty to knowingly and intentionally possessing 43 kilograms of a mixture containing cocaine, with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The underlying offense occurred on September 15, 1987. Each defendant was sentenced to ten years' incarceration to be followed by five years' mandatory supervised release. *See* 21 U.S.C. § 841(b)(1)(A) (1987). On appeal, defendants raised the issue of the propriety of the search that occurred when they arrived at Chicago's Union Station. On February 24, 1989, the Seventh Circuit affirmed both convictions by unpublished order. *United States v. Allen,* 870 F.2d 659 (7th Cir.1989).

■ On November 2, 1989, Allen submitted a *pro se* motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a). Since the offense occurred prior to November 1, 1987, the former version of that rule applies which allows the present type of motion to be raised at any time. Moreover, where there is an illegal sentence, the court is obliged to correct the sentence *sua sponte. Lee v. United States,* 400 F.2d 185, 188 (9th Cir.1968). If Allen's sentence were to be modified, the ruling would also be applied to the sentence imposed on Diogioes even though she did not bring any motion.

■ Allen's motion complains that she could not be subjected to a term of supervised release since her offense occurred at a time that 21 U.S.C. § 841(b)(1)(A) did not provide for such a sentence. The government argues that a term of supervised release is appropriate, but, if not, then defendants should be sentenced to a term of special parole. For the reasons stated below, it is held that a term of supervised release was proper.

Prior to 1984, 21 U.S.C. § 841(b) provided for fines and/or incarceration, and also for the imposition of a mandatory special parole term in conjunction with prison sentences imposed as a result of cocaine charges. *See* Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, § 401(b), 84 Stat. 1236. On October 12, 1984, § 841 was amended by the Comprehensive Crime Control Act of 1984 ("CCCA"), Pub.L. No. 98–473, § 502, 98 Stat. 1837. Section 841(b)(1)(A) applied to large-scale transactions, including those involving one kilogram or more of cocaine. Section 841(b)(1)(B) applied to smaller-scale transactions, including those involving less than one kilogram of cocaine. Section 841(b)(1)(A) provided for longer prison terms than § 841(b)(1)(B), but no mandatory special parole term. Section 841(b)(1)(B) contained a provision for mandatory special parole. Pursuant to § 224 of the CCCA, the provision regarding mandatory special parole was to be deleted on November 1, 1986, the effective date of the Sentencing Reform Act of 1984. In 1985, however, the effective date of the Sentencing Reform Act was postponed to November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728.

Section 841 was again amended in 1986. The Anti–Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99–570, 100 Stat. 3207, was signed into law on October 27, 1986. Subtitle A of Title I, §§ 1001–09, of the ADAA[1] contains the amendments to § 841. Section 1002 of the ADAA contains new versions of §§ 841(b)(1)(A) & (B). Both subsections provided for mandatory supervised release, a new form of supervision which was defined by the Sentencing Reform Act, an act that did not go into effect until November 1, 1987.[2] It must

---

1. This Subtitle is also known as the Narcotics Penalties and Enforcement Act of 1986. *See* Pub.L. No. 99–570, § 1001. The legislative history of the various proposed versions is set forth in detail in *United States v. Ferryman,* 897 F.2d 584, 588 (1st Cir.1990).

2. Section 1002 also increased the penalties for drug offenses, refigured the quantities of controlled substances necessary to trigger different penalty levels, and prohibited parole for various offenders. Under the version contained in the ADAA, 5 kilograms or more of a mixture or substance containing a detectable amount of

again be emphasized that subsection (A) replaced a former version that did not provide for special parole, whereas subsection (B) replaced a former version that had provided for special parole. Section 1004 of the ADAA provided as follows:

> (a) The Controlled Substances Act and the Controlled Substances Import and Export Act are amended by striking out "special parole term" each place it appears and inserting "term of supervised release" in lieu thereof.

> (b) The amendments made by this section shall take effect on the date of the taking effect of section 3583 of title 18, United States Code.

No provision of the ADAA expressly referred to an effective date for § 1002.

The present case involves imposition of supervised release under § 841(b)(1)(A). In a recent case, the Seventh Circuit considered the question of the proper penalties to apply under § 841(b)(1)(B) [3] when the offense occurred between October 26, 1986 and November 1, 1987. *See United States v. Duprey*, 895 F.2d 303, 311 (7th Cir.1989). The Seventh Circuit held that it was improper to impose a term of supervised release pursuant to the ADAA because § 1004 of that act contained an effective date of November 1, 1987. *Id.* at 311 (citing *United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988); *United States v. Padilla*, 869 F.2d 372, 381 (8th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989)). Instead, it held that the district court should have imposed a term of special parole under the CCCA version of § 841(b)(1)(B). The Seventh Circuit also held that the "sentence enhancement" provisions of § 1002 of the ADAA went into effect immediately upon passage of the ADAA. *Duprey*, 895 F.2d at 311 (citing *Padilla*, 869 F.2d at 381–82; *United States v. Levy*, 865 F.2d 551, 559 n. 4 (3d Cir.1989) (en banc); *United States v. Meyers*, 847 F.2d 1408, 1414–16 (9th Cir.1988)). Accordingly, the longer terms of imprisonment provided for in § 1002 of the ADAA apply to offenses occurring between October 26, 1986 and November 1, 1987.

The present case is distinguishable from *Duprey* because *Duprey* involved sentences under § 841(b)(1)(B) whereas the present case involves sentences under § 841(b)(1)(A). That is an important distinction as regards supervised release.[4] Section 1004(a) of the ADAA refers to amendments striking out "special parole term" and replacing those words with "term of supervised release." Such an amendment was made to § 841(b)(1)(B), but no such change was made to § 841(b)(1)(A) since the latter never contained any provision for special parole. Section 1004(b) of the ADAA provides that "amendments made by this section" do not go into effect until November 1, 1987, the effective date of 18 U.S.C. § 3583. "Amendments made by this section" is read by the Seventh Circuit as meaning only changes made by § 1004(a) of the ADAA. *See Padilla*, 869 F.2d at 381–82 (followed by *Duprey* ); *Meyers*, 847 F.2d at 1415 (same); *Levy*, 865 F.2d at 559 n. 4 (citing *Meyers* ) (followed by *Duprey* ). Since § 1004(a) referred to an amendment of special parole made to § 841(b)(1)(B), supervised release under that subsection did not go into effect until the time provided for in § 1004(b). Since § 1004(a) does not refer to any amendment made to § 841(b)(1)(A), the effective date contained in § 1004(b) does not apply to that subsection. As with the sentence enhancement provisions of § 1002 of the ADAA, *see Duprey*, 895 F.2d at 311, the supervised release provision of § 841(b)(1)(A) went into effect on October 27, 1986, the date of the ADAA enactment. Two circuits have so held. *See United*

---

cocaine is necessary to trigger the provisions of § 841(b)(1)(A). Under the CCCA, only one kilogram was necessary to trigger the provisions of § 841(b)(1)(A).

**3.** The Seventh Circuit apparently only considered the question of possible sentences under § 841(b)(1)(B) as provided for in the ADAA and CCCA. The Seventh Circuit apparently did not

consider that distribution of 1000 grams would have fallen under § 841(b)(1)(A) of the CCCA version of that statute.

**4.** As regards the possible term of confinement, the rule for both subsections would be that the provisions of § 1002 of the ADAA would apply.

*States v. Gozlon–Peretz*, 894 F.2d 1402, 1404 (3d Cir.1990); *United States v. Torres*, 880 F.2d 113, 114–15 (9th Cir.1989) (per curiam), *cert. denied,* —— U.S. ——, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). *See also Ferryman*, 897 F.2d at n. 4. (*dictum* ). *Contra United States v. Levario*, 877 F.2d 1483, 1488–89 (10th Cir.1989). The statute in force, at the time the defendants in this case committed their offense, mandated the imposition of a minimum of five years of supervised release. The sentences imposed on defendants was legal.

IT IS THEREFORE ORDERED that defendant Allen's motion to correct sentence is denied. If defendant wishes to appeal this order, she must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within ten (10) days of the entry of this order.