UNITED STATES of America

v.

Oscar Antonio GIRALDO–AVENDANO.

Appeal of Oscar GIRALDO–AVENDANO.

No. 90–1250.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 21, 1990.

Decided Aug. 1, 1990.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Jr., Barbara Cohan, Asst. U.S. Attys., Philadelphia, Pa., for appellee.

Oscar Antonio Giraldo–Avendano, Terre Haute, Ind., appellant pro se.

Before SLOVITER, HUTCHINSON and NYGAARD Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Oscar Antonio Giraldo–Avendano appeals from the district court order denying his *pro se* motion for correction of sentence filed pursuant to Fed.R.Crim.P. 35(a). Giraldo–Avendano was convicted following a jury trial on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and on another count of distribution and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a), respectively. The criminal acts took place between December 16, 1985 and January 23, 1986, and involved more than fourteen kilograms of cocaine. Defendant was sentenced to a term of twenty years imprisonment on the conspiracy count, and that sentence is not at issue on this appeal.

On the second count, at issue here, Giraldo–Avendano was sentenced to five years imprisonment with a lifetime special parole term. On appeal he argues, as he did in his Rule 35 motion, that the district court lacked the authority to sentence him to a term of special parole on the second count. His argument is based on the amendment passed in the Comprehensive Crime Control Act of 1984 which eliminated the special parole provisions for convictions pursuant to 21 U.S.C. § 841(b)(1)(A), (B) and (C).

The district court denied defendant's Rule 35 motion, holding that imposition of a special parole term was mandatory under 21 U.S.C. § 841(b)(1)(A). The district court believed that the amendment which abolished the special parole term was not effective during the period Giraldo–Avendano committed the inculpatory acts. On this appeal, the Government candidly concedes that the district court was in error, that Giraldo–Avendano's position is legally correct, and that we should remand so that the district court can vacate the special parole term.

Before 1984, sentences imposed under 21 U.S.C. § 841(b) were required to include a special parole term. *See* 21 U.S.C. § 841(b)(1)(A) (1982). However, on October 12, 1984, Congress enacted the Comprehensive Crime Control Act of 1984 ("the 1984 Act") which, *inter alia,* created a new class of higher sentences for greater weights of drugs. The amended section 841(b)(1)(A) provided:

(1)(A) In the case of a violation of subsection (a) of this section involving—

. . . .

(ii) a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug;

. . . .

such person shall be sentenced to a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both.

21 U.S.C. § 841(b)(1)(A) (as amended Oct. 12, 1984).

Apparently through oversight, the amended section 841(b)(1)(A) did not provide for a special parole term. *United States v. Gozlon–Peretz,* 894 F.2d 1402, 1403 (3d Cir.1990), *cert. granted in part,* — U.S. —, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990); *see United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986). This oversight was corrected when a supervised release provision was added to section 841(b)(1)(A) by the Anti–Drug Abuse Act of 1986 ("the 1986 Act"). *See Gozlon–Peretz,* 894 F.2d at 1403. This case does not present the question which has divided the circuits as to whether the supervised release provision went into effect on October 27, 1986, as this court has held, *Gozlon–Peretz,* 894 F.2d at 1404; *accord United States v. Torres,* 880 F.2d 113, 115 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990), or on November 1, 1987, as some other Courts of Appeals have held, *United States v. Whitehead,* 849 F.2d 849, 860 (4th Cir.1988), *cert. denied,* 488 U.S. 983, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988), and cases cited in *Gozlon–Peretz,* 894 F.2d at 1404. That issue is now before the Supreme Court. *Gozlon–*

*Peretz v. United States,* — U.S. —, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990).

There does not appear to be any decision, other than that of the district court here, which does not recognize that from October 12, 1984, the effective date of the 1984 Act, until at least October 27, 1986, the date of the enactment of the 1986 Act, there existed neither special parole terms nor supervised release terms for sentences imposed under section 841(b)(1)(A). *See Gozlon–Peretz,* 894 F.2d at 1403; *United States v. Oleck,* 894 F.2d 1406, 1407 (3d Cir.1990).

In this case, inasmuch as the criminal acts took place in December 1985 and January 1986, and the quantity of cocaine involved was greater than one kilogram, the penalty provision that should have been applied was that in 21 U.S.C. § 841(b)(1)(A) as in effect. At that time the amendment provided by the 1984 Act, which omitted the special parole term, was in effect, and thus the imposition of a term of special parole was unauthorized. Giraldo–Avendano's Rule 35 motion for correction of sentence should have been granted.

For the reasons set forth above, we will remand this case to the district court with instructions to enter an order vacating the special parole term.