972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Richard P. PAUL, Defendant/Appellant.
 No. 91-3120.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 4, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Richard Paul pled guilty to conspiracy and possession of cocaine with intent to distribute. For these crimes he received a total of eighteen years' imprisonment. Additionally, as part of Mr. Paul's sentence for possession, the district court imposed a special parole term of three years to follow his prison term.[1] Mr. Paul did not directly appeal his conviction. Instead, he filed a motion under former Federal Rule Criminal Procedure 35(a) to correct his sentence, arguing that the district court lacked the authority to impose a special parole term on the possession count, which the district court denied on August 13, 1991.[2] Mr. Paul filed a second Rule 35(a) motion again challenging the district court's imposition of a special parole term. This motion was denied on August 26, 1991. Mr. Paul filed a notice of appeal on September 9, 1991.
 
 
 2
 Prior to 1984, sentences imposed for violations of 21 U.S.C. § 841(b) included a mandatory special parole term of three years, regardless of the quantity of drugs involved in the offense. See 21 U.S.C. § 841(b)(1)(A) (1982). However, in 1984, Congress, apparently by mistake, amended 21 U.S.C. § 841(b)(1)(B) and eliminated the mandatory special parole term for offenses involving more than a kilogram of a narcotic drug, while preserving the mandatory special parole term for drug offenses involving less than one kilogram. See United States v. Giraldo-Avendano, 910 F.2d 80 (3rd Cir.1990) (discussing the Congressional oversight creating aberration of mandatory parole term for offenses involving a small amount of cocaine, but no parole term for offenses involving significant amount of cocaine). This curious disparity was short lived. In 1986, Congress enacted the Anti-Drug Abuse Act, which added a supervised release term to offenses involving over a kilogram of narcotics for drug offenses occurring after the date of its enactment. Gozlon-Peretz v. United States, 111 S.Ct. 840, 849 (1991).
 
 
 3
 Mr. Paul's offense occurred on or about October 15, 1984. Thus, he falls within that short period where big-time drug offenders benefited from Congress' oversight. Not suprisingly, Mr. Paul argues that he possessed more than one kilogram of cocaine, while the government contends that he possessed less than a kilogram of cocaine. The indictment alleged that Mr. Paul possessed two kilograms of cocaine. The district court's denial of Mr. Paul's first Rule 35 motion is in agreement. In the denial, the district court stated that Mr. Paul pled guilty to possession of two kilograms of cocaine.[3] If this is true, Mr. Paul is not subject to a term of special parole on that count. However, at the change of plea hearing, the district court suggested that Mr. Paul's offense conduct involved less than one kilogram of cocaine when it informed him that the maximum sentence he could receive on the possession count was fifteen years' imprisonment.[4] If this is the case, a special parole term was required.
 
 
 4
 The government's brief overstates the clarity of the record regarding the quantity of drugs Mr. Paul possessed. Excluding the district court's one statement to Mr. Paul at the change of plea hearing that he was subject to a fifteen-year prison term on the possession count, the change of plea and the sentencing transcripts do not reveal the amount of cocaine involved in the offense. Nor do these transcripts clear up the ambiguity between the district court's statement to Mr. Paul at the change of plea hearing and its denial of Mr. Paul's first Rule 35 motion. Because of this ambiguity, we REMAND this case to the district court for a determination of the quantity of cocaine involved in Count 5 of the conviction and any further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The original Judgement and Commitment Order attached the three-year special parole term to the conspiracy count. However, on June 20, 1986, the district court issued an Amended Judgment and Commitment Order affixing the special parole term to the possession count
 
 
 [2]
 Mr. Paul did not appeal that denial. He then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied his motion on September 29, 1988, and this court affirmed
 
 
 [3]
 In denying Mr. Paul's first Rule 35 motion, the district court mistakenly believed that the special parole term was imposed on the conspiracy count. Indeed, it held that had the special parole term been attached to the possession count, Mr. Paul would not be subject to a term of special parole because the possession count involved more than one kilogram of cocaine
 
 
 [4]
 The 1984 amendment to § 841(b) increased the maximum prison term from 15 to 20 years for violations of § 841(a)(1) involving over one kilogram of cocaine and retained the 15-year maximum prison sentence for offenses involving less than one kilogram of cocaine