43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Cullen HUDGENS, Defendant-Appellant.
 No. 94-30126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Thomas C. Hudgens appeals pro se the district court's denial of his former Fed.R.Crim.P. 35(a) (1986) motion to correct his sentence imposed following his guilty plea to distributing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Hudgens claims that the district court lacked the legal authority to impose an eight-year special parole term. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review de novo whether a sentence is illegal. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 107 S.Ct. 1309 (1987). A sentence is illegal if it is not authorized by the judgment of conviction, exceeds the statutory penalty for the crime, or violates the Constitution. Id.
 
 
 4
 A district court may not impose a special parole term on a defendant whose drug offense occurred between October 27, 1986 and November 1, 1987. Gozlon-Peretz v. United States, 498 U.S. 395, 408 (1991).
 
 
 5
 A district court was not authorized to impose a special parole term on a defendant who was sentenced pursuant to 21 U.S.C. Sec. 841(b)(1)(A) between October 12, 1984 and October 27, 1986. United States v. Torres, 880 F.2d 113, 114 (9th Cir.1989), cert. denied, 493 U.S. 1060 (1990). At the time of Hudgens' sentencing, 21 U.S.C. Sec. 841(b)(1)(A) applied to Schedule I or II narcotic drugs. See 21 U.S.C. Sec. 841(b)(1)(A) (Supp. III 1985). Marijuana is a Schedule I non-narcotic drug controlled substance. See 21 U.S.C. Sec. 802(16).
 
 
 6
 On June 2, 1986, Hudgens pleaded guilty to Count Two of the Grand Jury indictment, which charged that he knowingly and intentionally possessed marijuana with intent to distribute it in January 1986, violating 21 U.S.C. Sec. 841(a)(1). Hudgens was sentenced to a prison term of five years, followed by a special parole term of eight years for the violation. Although the district court failed to specify which penalty section it used to impose Hudgens' sentence, the district court could not have imposed his sentence pursuant to 21 U.S.C. Sec. 841(b)(1)(A). See 21 U.S.C. Secs. 802(16), 841(b)(1)(A) (Supp. III 1985). Therefore, the district court was not precluded from imposing a special parole term on Hudgens. See Gozlon-Peretz, 498 U.S. at 408; Torres, 880 F.2d at 114.
 
 
 7
 Accordingly, the district court did not err by denying Hudgens' former Rule 35(a) motion. See Fowler, 794 F.2d at 1449.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3