104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Dean WEBB, Defendant-Appellant.
 No. 96-15229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. Nos. CV-95-06128-REC, CR-85-00255-REC; Robert E. Coyle, Chief Judge, Presiding.
 E.D.Cal.
 REMANDED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Dean Webb appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his 1991 probation revocation. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and remand for clarification of Webb's sentence.
 
 
 3
 On April 7, 1986, Webb pleaded guilty to conspiracy to possess and possession with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 846.[1] Webb was sentenced on June 23, 1986, to three years imprisonment and five years parole on Count One. On Count Four, Webb was sentenced to fifteen years imprisonment with a ten year special parole term. The execution of the fifteen year sentence was suspended and Webb was placed on probation for five years.
 
 
 4
 Webb violated his probation on October 19, 1990 when he was convicted of multiple state narcotics and firearms violations. On February 4, 1991, the district court revoked Webb's probation and remanded him to federal custody to serve the fifteen year sentence which had been previously suspended. The judgment also noted that Webb was still subject to the ten year special parole term.
 
 
 5
 Webb challenges the legality of the ten-year special parole term imposed as part of his sentence for violation of 21 U.S.C. § 841(a)(1). The legality of Webb's special parole term turns upon which penalty provision he was sentenced under, 21 U.S.C. § 841(b)(1)(A) or (B). See United States v. Torres, 880 F.2d 113, 114-15 (9th Cir.1989) (per curiam); United States v. Brickell, 872 F.2d 307, 308-10 (9th Cir.1989) (per curiam).
 
 
 6
 Notwithstanding the government's assertion that Webb was sentenced under subsection (B), the record is unclear as to the precise statutory basis for Webb's sentence. Thus, we order a limited remand of this case to the district court for clarification of the statutory basis for Webb's sentence. See Brickell, 872 F.2d at 810.
 
 
 7
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Webb pleaded guilty to Count One and Four of a four count indictment