**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gustavo Larios CORTES,
Defendant–Appellant.**

**No. 88–5296.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1989.

Decided Feb. 8, 1990.

John Lanahan, San Diego, Cal., for defendant-appellant.

Deborah Slater, San Diego, Cal., for plaintiff-appellee.

Before BROWNING, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Gustavo Larios Cortes appeals his conviction of conspiracy to import a controlled substance, importation of a controlled substance, possession of a controlled substance with intent to distribute, and aiding and abetting in the commission of the substantive offenses. Cortes contends that he was denied effective assistance of counsel in violation of the sixth amendment. We affirm.

### Jurisdiction

■ We are presented with a threshold jurisdictional question. Cortes was sentenced on July 25, 1988, and on that same day he filed a motion for new trial. On August 3, 1988, he filed a notice of appeal. The district court denied Cortes' motion for new trial on August 29, 1988. Cortes filed no new notice of appeal.

The government has suggested that Cortes' notice of appeal, filed while his motion for new trial was pending, was premature and therefore a nullity. In a civil case, there would be no question that the government was correct. As amended in 1979, Fed.R.App.P. 4(a)(4) provides:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial.... A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

This provision is limited by its own terms to civil cases; Fed.R.App.P. 4(b), which deals with criminal appeals, merely provides:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after entry of (i) the judgment or order appealed from.... If

a timely motion ... for new trial on any other ground than newly discovered evidence has been made, an appeal from a judgment or conviction may be taken within 10 days after the entry of an order denying the motion.

There is nothing in this portion of the Rule that nullifies a notice of appeal filed prior to disposition of a motion for new trial.

The government nevertheless contends that we should consider such notices of appeal nullities, for the reasons of policy underlying the civil appeal rule, Fed.R. Civ.P. 4(a)(4). It makes little sense for an appeal to lie in this court, the government argues, if the trial court may modify the judgment appealed from. Moreover, if the notice of appeal is truly valid, it should deprive the district court of jurisdiction to decide the pending motion. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control...."). The cleanest way to resolve these problems, the government contends, is to apply to criminal appeals the same rule that prevails in civil cases under Rule 4(a)(4).

The Seventh Circuit has adopted the position urged by the government, for the reasons stated above. *United States v. Gargano*, 826 F.2d 610, 611–12 (7th Cir.1987); *United States v. Naud*, 830 F.2d 768, 769 (7th Cir.1987). In *Gargano*, the motion for reconsideration was still pending at the time the appellate court dismissed the appeal. The appellant was accordingly free to refile a notice of appeal after denial of the motion. In *Naud*, however, the trial court had denied reconsideration after the notice of appeal had been filed, and no new notice was filed. The appeal was then dismissed, and it was too late for the appellant to file a new notice of appeal.

While we understand the sense of the Seventh Circuit's approach, we consider the result in *Naud*, which would follow in this case if we accepted the government's arguments, to be an unacceptable trap for the

unwary appellant. Civil litigants who file a premature notice of appeal are warned by the clear words of Fed.R.App.P. 4(a)(4) that their notice of appeal is a nullity and that they must file a new one. Criminal appellants are given no such warning; indeed, the absence of similar language in Rule 4(b) suggests different treatment. In the years before Rule 4(a)(4) was amended, the District of Columbia Circuit had held that a notice of appeal filed in a criminal case while a motion for new trial was pending was not a nullity; the appeal could be heard after the trial court had disposed of the motion. *Hamilton v. United States,* 140 F.2d 679 (D.C.Cir.1944). A criminal appellant's attorney might well conclude that an amendment of Rule 4(a)(4) in 1979 without a comparable amendment of the criminal appeal rule, indicated no change in the law. We are reluctant, therefore, to adopt by decision the rather draconian approach written into the civil, but not criminal, appeals rule. In the absence of a change in the Rules of Appellate Procedure, we prefer to adhere to the more lenient approach represented by our decision in *United States v. Wade,* 841 F.2d 331 (9th Cir.1988), where we entertained an appeal for which notice had been filed after verdict but before sentence. *See also United States v. Hashagen,* 816 F.2d 899 (3d Cir.1987) (en banc); *United States v. Curry,* 760 F.2d 1079 (11th Cir.1985); *United States v. Green,* 847 F.2d 622, 623 (10th Cir.1988) (notice effective when filed after plea of guilty but before sentencing).

The Eighth Circuit has adopted a compromise approach requiring a new notice of appeal to be filed after disposition of posttrial motions, but reserving the right to make exceptions where a criminal defendant was not warned of the fact that a premature notice was invalid. *United States v. Jones,* 669 F.2d 559, 561 (8th Cir.1982). We are reluctant, however, to adopt this approach because it depends upon the exercise of a duty by the clerk of the district court or of this court to advise appellants that their notices of appeal are premature and ineffective. *See id.* That task becomes especially burdensome if the analogy to Rule 4(a)(4) is applied to criminal appeals in its entirety, because a notice of appeal that is not premature when filed may become so by the filing of a later motion. Indeed, that was the situation dealt with by the Seventh Circuit in *Gargano.*

We conclude, therefore, that Cortes' notice of appeal was effective, despite the pendency of his motion for new trial. We need not decide whether the district court had jurisdiction, some three weeks after the filing of the notice of appeal, to deny the motion for new trial, because nothing turns on it. *See Griggs,* 459 U.S. at 59, 103 S.Ct. at 402 (prior to 1979 amendment of Rule 4(a)(4), district court retained jurisdiction to decide motion pending when notice of appeal was filed, but notice was effective to begin appeals process). We are not faced, for example, with a situation where the district court purported to modify the judgment after the notice of appeal was filed. *Cf.* Fed.R.Crim.P. 33; *United States v. Coleman,* 688 F.2d 663, 664 (9th Cir. 1982) (per curiam) (during pendency of appeal, district court may entertain and deny, but not grant, a Rule 33 motion for new trial on the ground of newly discovered evidence; grant may be made only after remand). It is enough for our purposes that Cortes' notice of appeal was effective, and we so hold. We therefore proceed to the merits.

### Merits

■ Cortes alleges that several errors and omissions of his attorney amount to ineffective assistance of counsel. These include: not filing a discovery motion, not making an opening statement at trial, not objecting to evidence, not keeping Cortes current on the status of his case, not explaining to Cortes the effect of his anticipated testimony, and making improper statements in closing arguments. Cortes claims that the overall conduct of his attorney caused his trial to be, in essence, a guilty plea, without the protections of Rule 11 of the federal rules of criminal procedure, or the constitutional requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Cortes cannot meet both requirements of an ineffective assistance of counsel claim. Assuming, without deciding, that his attorney's representation of him was deficient, Cortes must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our independent review of the record indicates that any mistakes or omissions by the attorney do not meet the required standard of prejudice. Although counsel failed to request discovery, the government gave him all discoverable information it had, including *Brady* and *Jencks* material. The effect of the inappropriate statements made during closing arguments is greatly decreased because it was a bench trial; there was no jury. Two witnesses who were also involved in the alleged crimes testified against Cortes.

In light of the evidence unaffected by counsel's alleged errors, defendant has failed to meet his burden of showing that, absent the errors, there is a reasonable probability that the result would have been different. *See Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069.

AFFIRMED.