UNITED STATES of America,
Plaintiff–Appellee,

v.

David JACKSON, Defendant–Appellant.

No. 90–2288.

United States Court of Appeals,
Tenth Circuit.

Nov. 18, 1991.

Charles S. Aspinwall, Albuquerque, N.M., for defendant–appellant.

William L. Lutz, U.S. Atty., and Presiliano A. Torrez, Asst. U.S. Atty., for plaintiff–appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

On September 17, 1990, defendant-appellant David Jackson entered a plea of guilty to possession of more than five grams of cocaine base. The plea agreement specified that Jackson was in possession of 11.2 grams of cocaine at the time of his arrest. The presentence report, on the other hand, also took into account 98.1 grams of cocaine base seized from several motel rooms used in appellant's operation. Therefore, the report stated that the offense involved an aggregate amount of 109.3 grams of cocaine. Jackson objected to the aggregate amount and advised that he would withdraw his plea of guilty if the aggregate amount was used in determining his sentence.[1]

At the sentencing hearing on December 5, 1990, the district court informed Jackson that it would follow the presentence report. Jackson subsequently moved to withdraw his guilty plea. The district court promptly denied the motion and sentenced Jackson to one hundred and thirty-six months in prison and three years' supervised release.

On December 11, 1990, Jackson filed a motion requesting that the district court reconsider its denial of the motion to withdraw the guilty plea. Jackson also filed a notice of appeal from the judgment and conviction on December 14, 1990. On February 21, 1991, Jackson's motion to reconsider was denied by order of the district court. A new notice of appeal was not filed. The government contends that we are without jurisdiction in this matter because Jackson's December 14, 1990 notice of appeal was premature. Because we disagree with the government, we exercise jurisdiction under 28 U.S.C. § 1291, we remand this case to the district court for the ministerial task of appending its findings to the presentence report, and we affirm in all other respects.

## JURISDICTION

Rule 4(b) of the Rules of Appellate Procedure governs criminal appeals. Rule 4(b) provides in part:

In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the government.... If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion.

Rule 4(b) does not address motions to reconsider and, therefore, does not directly apply to this situation. The civil counterpart to Rule 4(b), Rule 4(a)(4), supplies more specific guidance when this type of situation arises in a civil action. Rule 4(a)(4) provides that the filing of certain post-trial motions—including a Rule 59(e)

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

motion to alter or amend judgment—tolls the time for filing a notice of appeal from the judgment until the district court decides the motion. It also specifies that a notice of appeal filed before the district court rules on a Rule 59(e) motion is premature and does not confer jurisdiction on the appellate court.

In *Martinez v. Sullivan*, 874 F.2d 751, 753 (10th Cir.1989), we held that a motion questioning the correctness of a judgment was a Rule 59(e) motion. Thus, if Rule 4(a)(4) applied to this situation, Jackson's notice of appeal clearly would be premature.

The Seventh Circuit and the Eighth Circuit have interpreted Rule 4(b) to conform to the provisions of Rule 4(a)(4) in situations similar to this case. *See United States v. Gargano*, 826 F.2d 610 (7th Cir. 1987); *United States v. Jones*, 669 F.2d 559 (8th Cir.1982). The Seventh Circuit held that a criminal defendant's notice of appeal is premature and must be dismissed when it is followed by a motion to reconsider. *Gargano*, 826 F.2d at 611. The Eighth Circuit also held that such an appeal was premature, but directed the clerk of the court to notify criminal defendants when the notice of appeal became moot in order to avoid unfairly depriving the defendant of his right to appeal. *Jones*, 669 F.2d at 561.

The Ninth Circuit recently reached the opposite conclusion in *United States v. Cortes*, 895 F.2d 1245 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990), and found that the Seventh Circuit approach created a procedural trap for the unwary defendant. The court noted that "[c]ivil litigants who file a premature notice of appeal are warned by the clear words of Fed.R.App.P. 4(a)(4) that their notice of appeal is a nullity and that they must file a new one." *Id.* at 1247. The *Cortes* court also criticized the Eighth Circuit approach "because it depends upon the exercise of a duty by the clerk of the

district court or of this court to advise appellants that their notices of appeal are premature and ineffective." *Id.* After rejecting these two approaches, the Ninth Circuit decided to retain jurisdiction and reach the merits of the appeal.

To hold that a post-trial motion nullifies a notice of appeal under Rule 4(b) unquestionably creates a potential trap for the unwary criminal defendant—a trap that could not have been foreseen under the existing law of this circuit. Rule 4(b), unlike Rule 4(a)(4), does not warn the criminal defendant that his notice of appeal could be nullified by a post-trial motion. If the criminal defendant fails to file a new notice of appeal, then the defendant could lose the right to appeal. On the other hand, if the criminal defendant concludes that his motion tolls the time for appeal and waits to file a notice of appeal, he risks having the court of appeals declare that the post-trial motion did not toll the time for appeal. The appellate court then could hold that the notice was untimely and dismiss the defendant's appeal.

In this case, Jackson was faced with precisely this situation. He could have either filed his notice of appeal and risked having it declared premature or waited to file his notice of appeal and risked having it declared untimely. The only way Jackson could have ensured that he retained his right to appeal would have been to file two notices of appeal—one before the motion and one after. Although Jackson failed to file the second notice, we conclude that a criminal defendant should not lose his right to appeal because of an ambiguous rule. Instead, we find that when a defendant files a motion that tolls the time for appeal, the motion holds the notice of appeal in abeyance and the notice becomes effective upon the disposition of the motion.[2]

The Supreme Court has held that a motion for rehearing tolls the time for filing a notice of appeal. *See United States v.*

---

**2.** We note that this holding conforms to the proposed amendments to Rule 4(b). These amendments provide that "[a] notice of appeal filed after announcement of a decision, sentence, or order but before disposition of any of the above motions shall be in abeyance and shall become effective upon the date of the entry of an order that disposes of the last of all such motions, or upon the date of the entry of the judgment of conviction, whichever is later."

*Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). In *United States v. Ibarra,* —— U.S. ——, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991), the Supreme Court extended *Healy* and *Dieter* and held that a motion to reconsider also tolls the time for filing. However, the Court did not consider "whether it is appropriate to refuse to extend the time to appeal in cases in which successive motions for reconsideration are submitted." *Id.* —— U.S. at —— n. 3, 112 S.Ct. at 7 n. 3. In *United States v. Marsh,* 700 F.2d 1322 (10th Cir.1983), we did reach the issue of successive motions and held that a motion to reconsider a denial of a motion for new trial did not toll the time for appeal. We reasoned that because a motion for new trial is itself a motion for rehearing, a motion to reconsider the denial of a new trial motion was a successive motion for rehearing and would not toll the time for appeal. We concluded that one party could not be permitted to delay the appeal indefinitely through successive motions for reconsideration. *Id.* at 1326. Therefore, we must address whether Jackson's motion for reconsideration was successive.

■ Unlike the situation in *Marsh,* Jackson's motion to withdraw his guilty plea cannot be considered a motion for rehearing. Jackson's motion to withdraw challenged his guilty plea for the first time. Further, Jackson's motion was oral and was made without the benefit of written support. Because Jackson's motion to withdraw was not a motion for rehearing, we conclude that his motion to reconsider was not a successive motion for rehearing. Thus, under *Dieter,* Jackson's motion for reconsideration tolled the time for appeal.

Rules governing the timing of appeals ensure that the district court and the court of appeals do not exercise jurisdiction over the same action at the same time. *See United States v. Green,* 847 F.2d 622, 624 (10th Cir.1988). By holding the notice of appeal in abeyance, we ensure that the district court retains jurisdiction until the judgment becomes truly final. Such a rule allows a district court to correct any alleged errors and also conserves judicial resources by ensuring that an appellate court does not hear an appeal that could be mooted by the district court's reconsideration of its judgment.

■ Thus, we hold that when Jackson's motion to reconsider tolled the time for appeal, it also held the notice of appeal in abeyance. The notice of appeal became effective after the district court ruled on Jackson's motion, and jurisdiction was established in this court. Therefore, we address the merits of Jackson's appeal.

## THE MERITS

Jackson raises six arguments on appeal. First, Jackson contends that the district court failed to comply with Rule 11(e)(2) of the Federal Rules of Criminal Procedure. Second, appellant argues that the district court's refusal to be bound by the plea agreement rendered the plea of guilty involuntary. Third, Jackson contends that the district court did not comply with § 6B1.1(b) of the Sentencing Guidelines when it failed to advise the defendant that the court is not bound by sentencing recommendations and that the defendant has no right to withdraw a guilty plea if the court decides not to accept plea recommendations. Fourth, appellant contends that he was denied due process when he was charged in federal rather than state court. Fifth, Jackson argues that the court's actions resulted in an impermissible disparity in that Jackson was sentenced more severely than his codefendants. Finally, appellant asserts that the district court failed to comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

■ We first address whether the district court failed to comply with Rule 11(e) of the Federal Rules of Criminal Procedure. Jackson contends that his guilty plea was involuntary because he was not advised that he could not withdraw his plea if the court decided to disregard the Memorandum of Understanding Regarding Guilty Plea ("Memorandum of Understanding"). Rule 11(e)(2) provides that "[i]f the agreement is of the type specified

in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." Therefore, Jackson's claim turns on whether the plea agreement is a Rule 11(e)(1)(B) agreement. Rule 11(e)(1)(B) allows an attorney for the government to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court."

The Memorandum of Understanding in this case reveals that the government only moved to dismiss other charges and did not make a recommendation or agree not to oppose the defendant's request for a particular sentence.[3] The Memorandum of Understanding did specify "that the amount of cocaine base found on the defendant's person was 11.2 grams." However, this statement can in no way be construed to be the government's sentencing recommendation. The statement is only one fact—among many—that the district court could take into consideration in sentencing the defendant. The specification of a particular amount of drugs in the defendant's possession simply cannot change this agreement into a Rule 11(e)(1)(B) agreement. Indeed, the Memorandum specifically states that "the United States has made NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(e)(1)(b)." Therefore, we must conclude that the district court was not required to inform Jackson that it could reject the Memorandum and that Jackson subsequently would not be allowed to withdraw his plea of guilty.

Jackson asserts that the court's failure to warn Jackson that he would not be allowed to withdraw his guilty plea rendered the plea involuntary. Essentially, Jackson claims that he did not understand his plea and the sentencing consequences that would follow. The district court directly

inquired whether Jackson understood that he could be sentenced to a maximum term of twenty years or a minimum sentence of five years. Jackson responded that he understood. Given this record, it is clear that Jackson was informed of and comprehended both the nature and the consequences of his plea of guilty.

■ Appellant argues that the district court failed to comply with § 6B1.1(b) of the Sentencing Guidelines. This section only applies to plea agreements under Rule 11(e)(1)(B). Because we hold that the plea agreement in this case is not a Rule 11(e)(1)(B) plea agreement, this claim also must fail.

■ Jackson asserts that he was denied due process because state law enforcement officers arbitrarily charged him in federal court without written policy guidelines, without procedural review, and without constitutionally permissive standards. Jackson failed to raise this argument below. Failure to raise an error at the district court level precludes review of the issue by this court. *See United States v. Frederick*, 897 F.2d 490, 494 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 171, 112 L.Ed.2d 135 (1990); *United States v. Mitchell*, 783 F.2d 971, 975 (10th Cir.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986).

■ Jackson contends that the district court's sentence was impermissibly disparate when compared to Jackson's codefendants. In *United States v. Trujillo*, 906 F.2d 1456 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 396, 112 L.Ed.2d 405 (1990), we rejected a claim of disparate sentences when that claim was "based solely on the lesser sentence imposed on [a] co-defendant" and the sentence "did not exceed that mandated by statute and the Sentencing Guidelines." *Id.* at 1465. Because Jackson's claim is based solely on the lesser sentence imposed on his codefendant and because his sentence falls within the range

---

**3.** This type of agreement is governed by Rule 11(e)(1)(A), which provides that the government may "move for dismissal of other charges." Rule 11 does not require a district court to advise the defendant that he cannot withdraw a guilty plea if that plea is made pursuant to the type of plea agreement specified in Rule 11(e)(1)(A).

established by the Sentencing Guidelines, we must reject this claim as well. Our conclusion is further supported by the fact that Jackson's conduct was disparate from his codefendants' conduct. The arresting officers found 11.2 grams of cocaine on his person, and he obstructed justice by giving a false name.

Finally, Jackson asserts that the district court failed to comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. Rule 32(c)(3)(D) provides that if a defendant or his counsel allege a factual inaccuracy in the presentence report, then the district court "shall as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Jackson's attorney objected to the presentence report's statement regarding the total amount of drugs involved in the offense.

■ After reviewing the record, we conclude that the district court clearly explained why it was not bound by the total amount in the plea agreement. The district court considered "all of the facts and the course of conduct," the defendant's own statements, and the "total amount that was recovered from both of the rooms that were used in the commission of the offense." All of these considerations are appropriate in determining a defendant's sentence under the Sentencing Guidelines. *See United States v. Poole*, 929 F.2d 1476, 1483 (10th Cir.1991); *United States v. Rutter*, 897 F.2d 1558, 1562 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). However, the district court failed to attach a written copy of its factual findings to the presentence investigation report as required by Rule 32(c)(3)(D). Therefore, we REMAND to the district court for the ministerial task of appending its determinations regarding disputed matters in the presentence report. *See United States v. Easterling*, 921 F.2d 1073, 1080 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991); *United States v. Wach*, 907 F.2d 1038, 1041 (10th Cir.1990). In all other

respects, the district court is AFFIRMED. The mandate shall issue forthwith.