951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo Larios CORTES, Defendant-Appellant.
 No. 90-55660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Larios Cortes, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 Cortes contends that his counsel rendered him ineffective assistance by failing to challenge the supervised release portion of his sentence on Count 4. Cortes was convicted on Count 4 of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to three years imprisonment and a five-year term of supervised release pursuant to 21 U.S.C. § 841(b)(1)(C). Cortes committed the offense in April 1987.
 
 
 4
 Cortes contends that the district court did not have the authority to sentence him to a term of supervised release because "the count[ ] in question occurred after the 1986 Anti Drug Act where special parol [sic] was discontinued and before the time that supervised release was to begin (November 1, 1987)." In essence, he argues that no form of postconfinement supervision was appropriate under the Anti-Drug Abuse Act of 1986 ("ADAA") for offenses committed before November 1, 1987. He concludes that his counsel rendered him ineffective assistance by failing to challenge this allegedly improper sentence. This contention lacks merit.
 
 
 5
 The supervised release provision of the ADAA, Publ.L. No. 989-570, 100 Stat. 3701-1, 3707-4 (1986), became effective on its date of enactment, October 27, 1986. Gozlon-Peretz v. United States, 111 S.Ct. 840, 846-47 (1991); United States v. Clay, 925 F.2d 299, 302 (9th Cir.1991); United States v. Torres, 880 F.2d 113, 115 (9th Cir.1989), cert. denied, 493 U.S. 1060 (1990). Section 1002 deleted and rewrote section 841(b)(1)(C) to provide for a term of supervised release rather than a term of special parole. See Publ.L. No. 989-570, § 1002, 100 Stat. 3701-1, 3707-4 (1986); see also Torres, 880 F.2d at 115. "[F]or offenses committed in the interim period between October 27, 1986 and November 1, 1987, supervised release applies for all drug offenses in the categories specified by ADAA § 2002." Gozlon-Peretz, 111 S.Ct. at 849.
 
 
 6
 Here, Cortes was sentenced on Count 4 on July 25, 1988 for an offense committed on April 10, 1987. The version of section 841(b)(1)(C) in effect when he was sentenced--the version rewritten by section 1002 of the ADAA effective October 27, 1986--authorized the imposition of a term of supervised release in addition to the term of imprisonment. See id. Because the district court properly sentenced Cortes to a term of supervised release, his claim of ineffective assistance of counsel fails.
 
 
 7
 Cortes also alleges that his counsel was ineffective for failing to challenge the special parole portion of his sentence on Counts 2 and 3. After Cortes filed his appeal in this court, however, the district court resentenced him to terms of supervised release, rather than special parole, on Counts 2 and 3. Accordingly, this claim is moot. See Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome").
 
 
 8
 Cortes also alleges that his counsel rendered him ineffective assistance during his trial by (1) failing to explain to Cortes the effect of his testimony and (2) engaging in trial tactics that amounted to a concession of Cortes's guilt. On direct appeal, this court considered and rejected this claim of ineffective assistance of counsel, holding that Cortes had not been prejudiced by his counsel's alleged errors. See United States v. Cortes, 895 F.2d 1245, 1247-48 (9th Cir.) (applying Strickland v. Washington, 466 U.S. 668, 694 (1984)), cert. denied, 110 S.Ct. 2191 (1990). Cortes cannot collaterally attack this court's resolution of his claim of ineffective assistance of counsel. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Cortes has finished serving his prison term, he is serving his supervised release term, and thus satisfies the "in custody" requirement of 28 U.S.C. § 2255. See United States v. Condit, 621 F.2d 1096, 1098 (9th Cir.1980) (probation and parole satisfy the "in custody" requirement)
 
 
 [2]
 On appeal, Cortes also argues that his counsel was ineffective in his handling of discovery. This claim also was considered and rejected by this court in Cortes's direct appeal, see Cortes, 895 F.2d at 1247-48, and cannot be challenged by Cortes on collateral attack, see Feldman, 815 F.2d at 1321
 For the first time on appeal, Cortes also raises the following claims of ineffective assistance of counsel: (1) his counsel had him sign stipulations without allowing him an opportunity to read them, (2) his counsel improperly waived his right to a jury trial, and (3) his counsel failed to secure defense witnesses. Because these claims were not raised in the district court, and because no extraordinary circumstances warrant review of the claims, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 Cortes's request to amend his section 2255 motion to add a claim for damages is denied. Section 2255 provides a vehicle for vacating, setting aside, or correcting a sentence, not for seeking damages.