28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
Martin BALAN, Individually; Balan Printing Co., a New York
Corporation, Defendants-Appellees.
 No. 93-1604.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 David A. Kersh appeals a district court order denying his post-judgment motion construed as filed under Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Kersh sued Martin Balan and Balan Printing Co. in Michigan state court, alleging breach of contract and fraud. The defendants subsequently removed the case to federal court on the basis of diversity jurisdiction. Several years of pre-trial activity subsequently ensued. Eventually, on October 7, 1992, the district court dismissed the case without prejudice for failure to prosecute, as all of the parties had failed to appear for a pre-trial conference. On October 14, 1992, Kersh moved the court to reconsider its order and return funds that Kersh had previously paid as a sanction to the court. On February 3, 1993, the district court denied the motion. On February 17, 1993, Kersh filed a second motion to reconsider, raising the same grounds and asking the court to disqualify itself. On March 30, 1993, the district court denied this second motion for reconsideration. Kersh has filed this timely appeal from this order. On appeal, Kersh requests initial en banc consideration of his appeal and also requests that this court publish its decision in this case.
 
 
 3
 Initially, we conclude that Kersh's appeal from the denial of his second motion for reconsideration does not bring up for review the underlying judgment. While a timely motion for reconsideration filed under Fed.R.Civ.P. 59 tolls the time in which to file an appeal from the underlying judgment, Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir.1990), a second motion to reconsider does not toll the time to appeal the underlying judgment. Id.; see also United States v. Jackson, 950 F.2d 633, 636 (10th Cir.1991). Rather, Kersh's appeal from the denial of his second motion for reconsideration is properly construed as an appeal from the denial of a motion filed under Fed.R.Civ.P. 60(b)(6). See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992).
 
 
 4
 The district court properly denied Kersh's Rule 60(b)(6) motion. A trial court's discretion to grant relief under Rule 60(b)(6) is especially broad given the underlying equity principles involved. Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir.1989). A Rule 60(b) motion, however, cannot be used as a substitute for an appeal, and thus an appeal from an order denying Rule 60(b) relief does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Kersh's arguments in his Rule 60(b) motion are merely a rehash of those originally presented in his first motion for reconsideration. Further, Kersh has not shown any exceptional or extraordinary circumstances which would justify granting Rule 60(b) relief in this case.
 
 
 5
 Accordingly, we deny Kersh's requests for initial en banc consideration and publication of decision and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.