46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesus John HERNANDEZ, Petitioner-Appellant,
v.
William PERRILL, Warden; People of Colorado, Respondents-Appellees.
 No. 94-1383.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Jesus John Hernandez, appearing pro se, appeals from an order of the district court dismissing his habeas corpus petition filed pursuant to 28 U.S.C. 2241.
 
 
 3
 On December 9, 1982, Hernandez was convicted of reckless endangerment pursuant to a plea of guilty in the County Court of Jefferson County, Colorado. Hernandez was sentenced to ninety days imprisonment and fined $150.00.
 
 
 4
 On February 28, 1986, Hernandez was sentenced in federal court to: fifteen years imprisonment for violation of 21 U.S.C. 848, continuing criminal enterprise (CCE); five years imprisonment for violation of 21 U.S.C. 841(A)(1) and 846, distribution and possession with intent to distribute cocaine, to be served consecutively with the CCE sentence; ten years imprisonment for violation of 21 U.S.C. 841, possession with intent to distribute cocaine, to be served concurrently with the CCE sentence; ten years imprisonment for violation of 21 U.S.C. 841, possession with intent to deliver cocaine, to be served consecutively with his possession with intent to distribute cocaine sentence; and, two years imprisonment for violation of 18 U.S.C.App. I, 1202, unlawful possession of a firearm by a felon, to be served concurrently with his possession with intent to distribute cocaine and his possession with intent to deliver cocaine sentences. Hernandez had a projected release date of August 3, 1994, via presumptive parole.
 
 
 5
 On January 7, 1993, Hernandez, while serving the above sentence at the Federal Correctional Institution (FCI), Englewood, Colorado, filed a habeas corpus petition in which he alleged that his federal sentence had been improperly enhanced by his state conviction for reckless endangerment because his state conviction was based on an involuntary guilty plea in violation of his constitutional right to counsel.
 
 
 6
 On August 6, 1993, the district court, after finding that Hernandez' petition "appears to challenge the county court conviction based on its adverse affect on his federal sentence," (R., Vol. I, Tab 17 at 2), and that Hernandez had failed to make the "requisite showing" under Collins v. Hesse, 957 F.2d 746, 748 (10th Cir.1992) that "if he prevail[ed] in challenging his prior expired conviction, the sentence that he is currently serving will be reduced," dismissed Hernandez petition.
 
 
 7
 Hernandez filed a motion for reconsideration in which he attached a printout indicating that his scheduled release date on the CCE sentence was July 30, 1994. He alleged that his invalid state conviction would prolong his sentence beyond July 30, 1994, and that the district court should have reached the merits of his challenge to his expired state conviction. The district court entered a summary order denying Hernandez' motion for reconsideration.
 
 
 8
 In a prior appeal, this court observed that "[t]he magistrate judge determined that Mr. Hernandez could be released (and thereafter paroled) no earlier than August 3, 1994, due to a nonparolable CCE sentence," but that Hernandez had presented information that his scheduled release date from the CCE sentence was actually July 30, 1994. We remanded to the district court "to resolve the matter of the apparently conflicting (parole eligibility) dates and proceed accordingly." Hernandez v. Perrill, No. 93-1340, Order and Judgment, March 9, 1994, p. 2.
 
 
 9
 Following remand, the United States filed a status report on July 28, 1994, stating that "the Parole Commission today advanced Jesus John Hernandez' parole date to July 30, 1994, and is transmitting the parole certificates today to FCE Englewood." (R., Vol. I, Tab 29). On the same day, the district court, after finding that the status report mooted the matter of Hernandez' "apparently conflicting parole dates" which were addressed in our remand, dismissed Hernandez' petition.
 
 
 10
 Hernandez was released on parole on July 30, 1994. On August 4, 1994, he filed a motion for reconsideration in which he requested the district court to vacate the order of July 28, 1994, and set the matter for an evidentiary hearing. On August 9, 1994, the district court, upon finding that Hernandez' "motion apparently seeks reconsideration of the Court's July 28, 1994 order, which resolved the single and discrete issue of Petitioner's parole date," entered an order denying Hernandez' motion for reconsideration (R., Vol. I, Tab 32).
 
 
 11
 On appeal, Hernandez contends that the district court erred in finding that his case was moot, in dismissing his habeas corpus petition and in failing to conduct a de novo review.
 
 
 12
 Hernandez argues for the first time on appeal that his release on parole on July 30, 1994, when he could have been released "at least 47 days earlier, does not provide [him] with due process of law." (Appellant's Opening Brief at 2C-2D). Hernandez contends that because he will be on parole until the year 2015, the district court was required to reach the merits of his contention that he entered an involuntary plea of guilty in the County Court of Jefferson County, Colorado, to the offense of reckless endangerment, and that the conviction was improperly relied upon to enhance his federal sentence. Hernandez argues that under such circumstances, his case is not moot. He also argues that the district court erred in failing to conduct a de novo review of whether he was denied his right to effective assistance of counsel when he entered his plea to the state offense of reckless endangerment.
 
 
 13
 Appellees respond that the district court's decision to dismiss Hernandez' habeas corpus petition as moot and to deny his motion for reconsideration was not clearly erroneous inasmuch as: Hernandez was released on parole on July 30, 1994, his parole eligibility date; Hernandez' claim that he was denied due process because he was not released 47 days earlier is a shift from his earlier position that he was entitled to be released on July 30, 1994; and Hernandez' claim that district court erred by not conducting a de novo evidentiary hearing was moot after Hernandez' parole date was recalculated to be July 30, 1994, as opposed to his original projected release date of August 3, 1994.
 
 
 14
 Hernandez was successful in obtaining the relief that he sought, an advancement of his parole date from August 3, 1994, to July 30, 1994. Under these circumstances, we will not consider Hernandez' allegation, raised for the first time on appeal, that he was denied due process because he could have been released at least 47 days earlier. United States v. Barbee, 968 F.2d 1026, 1031 (10th Cir.1992) (where a party has shifted his position on appeal and advances arguments available but not presented to the district court, the arguments will not be considered on appeal); United States v. Strahl, 958 F.2d 980, 983 (10th Cir.1992) (we will not ordinarily consider an argument not initially presented to the district court except under exceptional circumstances or where necessary to prevent manifest injustice); and United States v. Jackson, 950 F.2d 633, 637 (10th Cir.1991) (failure to raise an error at the district court level precludes review of the issue on appeal);
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470