**UNITED STATES COURT OF APPEALS**
**Filed 1/3/97**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff-Appellee,  )
                           )
    v.                     )        No. 96-2112
                           )   (D.C. No. CIV-95-882-JP)
VICTOR SAMUEL ROMO, also known as  )      (D. New Mexico)
Valles Romo, also known as Victor S. Romo,  )
also known as Victor Samuel Valles Romo,  )
also known as Victor Samuel Romo-Valles,  )
also known as Carlos A. Montano,  )
                           )
        Defendant-Appellant.  )

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LOGAN** and **MURPHY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This matter is before the court on petitioner Victor Samuel Romo's application for a certificate of appealability (formerly a certificate of probable cause).  His right to appeal the federal district court's denial of relief under 28 U.S.C. § 2255 is conditioned upon this court granting a certificate of appealability.  28 U.S.C. § 2253.  The law, as recently amended, instructs that we may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," and we "indicate which specific issue or issues satisfy [that] showing."  Id. § 2253(c)(2) and (3).

Petitioner asserted two grounds for sentencing relief on his conviction as a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He contended that the district court erroneously adjusted his criminal history upward for his being on probation when he committed the offense of conviction, and that § 922(g) is unconstitutional.  After the magistrate judge recommended the petition be dismissed, petitioner failed to file timely objections and his request for additional time to do so was denied.  In his brief accompanying his application, petitioner raises a third issue concerning sentencing credit for a state conviction.  We do not consider this issue because the district court did not first have an opportunity to address this allegation of error. United States v. Jackson, 950 F.2d 633, 637 (10th Cir. 1991).

We have considered the arguments in petitioner's brief and examined the record. We agree with the magistrate judge and the district court that the documents in the record establish that petitioner knew he was on probation or parole from a Texas felony conviction at the time he committed the instant offense, justifying the two level enhancement under USSG § 4A1.1(d). And this court has rejected his argument on the constitutionality of 18 U.S.C. § 922(g) in United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995). We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of appealability. Therefore, we deny his application and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

3