116 F.3d 487
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jermaine LANE, Defendant-Appellant.
 No. 96-50302, 96-50329.
 United States Court of Appeals, Ninth Circuit.
 June 17, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CR-94-00631-JI(JM)-1; James M. Ideman, District Judge, Presiding.
 
 
 2
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant-appellant Jermaine Lane ("Lane") appeals his conviction of conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) on the basis of ineffective assistance of counsel. We affirm.
 
 
 5
 Ordinarily, we do not entertain claims of ineffective assistance of counsel on direct appeal because of the need to develop a complete record to analyze counsel's actions at trial. United States v. Andrews, 75 F.3d 552, 557 (9th Cir.), cert. denied, 116 S.Ct. 1890 (1996). However, "where the record adequately sets forth the facts giving rise to a claim of ineffective assistance of counsel ... the Court will consider the defendant's argument on direct appeal." United States v. Ouintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996). All of Lane's arguments regarding counsel's actions are based on specific actions that are documented in the record. Accordingly, the record is sufficiently developed.
 
 
 6
 In making a claim of ineffectiveness of counsel, a defendant must demonstrate (1) that his counsel's performance was so deficient, it was outside the wide range of professionally competent assistance, and (2) that counsel's deficient performance prejudiced defendant by depriving him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Benlian, 63 F.3d 824, 826 (9th Cir.1995). It is not necessary for the court to examine both issues. If it is possible to dispose of the ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. Strickland, 466 U.S. at 697.
 
 
 7
 To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Here, Lane relies on the district court's statements during Collier's testimony regarding its doubts about the strength of the case to demonstrate that the outcome of the case would have been different had counsel not committed the alleged errors. Although the district court did indeed comment on the weakness of the government's case at the beginning of Collier's testimony, those comments were made before the court heard the testimony of Simmons and FBI Special Agent Bosworth and the admission of two tape recorded drug transactions.
 
 
 8
 Assuming, without deciding, that the court would have sustained objections to the admission of the evidence and testimony to which defendant alleges his counsel should have objected, and that his counsel's failure to object was not based on sound trial strategy, the defendant has not met the burden of demonstrating that but for these errors, there existed a reasonable probability that the outcome would have been different. Lane specifically cites three errors his counsel allegedly made which he believes led to his conviction. These include his counsel's failure to: (1) object to a tape-recorded conversation between Collier and Davis, which purportedly linked Lane to gang affiliation and transforming cocaine into crack, (2) object to Bosworth's testimony in which he made references to the violent nature of drug dealers in defendant's neighborhood, and (3) remind the court to instruct the jury after a three-day weekend that it should ignore certain testimony by Bosworth. In light of all of the admissible evidence, however, especially the tape recorded drug transactions and Bosworth's testimony concerning his surveillance of the whole operation, Lane has failed to show a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. See United States v. Cortes, 895 F.2d 1245, 1248 (9th Cir.1990) (attorney's mistakes or omissions did not prejudice defendant especially "[i]n light of the evidence unaffected by counsel's alleged errors").
 
 
 9
 AFFIRMED.
 
 
 
 **
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir. R. 36-3