**UNITED STATES of America, Plaintiff,**

v.

**Robert SALZANO, Defendant.**

**No. 97–40002–01–DES.**

United States District Court,
D. Kansas.

Jan. 12, 1998.

James L. Sweet, Sweet & Sheahon, Salina, KS, James J. Warner, San Diego, CA, for Robert Salzano.

James E. Flory, Office of U.S. Atty., Topeka, KS, for U.S.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion to Reconsider Application of U.S.S.G. § 5C1.1 (Doc. 48). Defendant was sentenced by this court on October 29, 1997. Defendant filed his notice of appeal on November 5, 1997, and the appeal was docketed in the United States Court of Appeals for the Tenth Circuit on November 13, 1997. Defendant filed with this court his motion to reconsider on November 17, 1997.

The filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir.1990) (citation omitted). Accordingly, defendant's motion to reconsider

must be denied as this court was divested of its jurisdiction to consider matters presented by the defendant upon the filing of his Notice of Appeal.[1]

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Reconsider Application of U.S.S.G. § 5C1.1 (Doc. 48) is denied.

---

1. The court also notes that it was without jurisdiction to issue the November 17, 1997, order granting defendant leave to file his motion to reconsider out of time, which order is therefore null and void. *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir.1987) ("Filing a timely notice of appeal ... transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void.") (citations omitted).