UNITED STATES of America,
Plaintiff,

v.

Mark Henry ALLERHEILIGEN,
Defendant.

No. 97–40090–01–DES.

United States District Court,
D. Kansas.

May 6, 1999.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for United States, plaintiff.

Robert L. Pottroff, Valerie L. Peterson, Myers, Pottroff & Ball, Manhattan, KS, William K. Rork, Rork Law Office, Topeka, KS, for Mark Henry Allerheiligen, defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion to Reconsider Rulings Made in Chambers with Regard to Sentencing Issues (Doc. 117).

### I. BACKGROUND

The defendant pled guilty to one count of possession with intent to distribute marijuana on November 3, 1998.[1] Defendant was sentenced to a period of incarceration of 41 months pursuant to the safety valve provisions of the sentencing guidelines, U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f),

---

1. Although defendant now characterizes this as a conditional plea of no contest, the record clearly indicates that defendant entered a guilty plea, rather than a plea of no contest.

on April 12, 1999. Defendant filed his notice of appeal on April 26, 1999, at the same time that he filed the motion which is currently before the court.

## II. DISCUSSION

### A. Jurisdiction

The government asserts in its supplemental response to the defendant's motions that the court lacks jurisdiction to decide the motion to reconsider, arguing that the filing of the notice of appeal divests the court of jurisdiction.

■ The court recognizes that the general rule regarding the district court's jurisdiction is that " '[t]he filing of a notice of appeal ... transfers jurisdiction over the matter from the district court to the court of appeals.' " *United States v. Pinter,* 971 F.2d 554, 557 (10th Cir.1992) (quoting *United States v. Winterhalder,* 724 F.2d 109, 111 (10th Cir.1983)). However, a review of .the case law indicates that the notice of appeal does not divest the district court of jurisdiction when it is filed after a motion to reconsider. *See United States v. Jackson,* 950 F.2d 633, 634 (10th Cir.1991) (motion to reconsider filed three days before notice of appeal); *United States v. Haddock,* 956 F.2d 1534, 1544 (10th Cir. 1992), *overruled on other grounds by United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) ("district court had jurisdiction to address the claim because it was raised before defendant filed a notice of appeal to this court"); *United States v. Strahl,* 958 F.2d 980, 982 (10th Cir.1992) (district court ruled on motion for reconsideration filed five days before notice of appeal); *but cf. United States v. Salzano,* 994 F.Supp. 1321 (D.Kan.1998) (no jurisdiction where defendant filed motion to reconsider twelve days after filing notice of appeal).

■ Furthermore, the United States Supreme Court has recognized that the filing of a timely motion to reconsider in a criminal case "renders an otherwise final decision of a district court not final" until the motion is decided, just as a motion for rehearing would. *United States v. Ibarra,* 502 U.S. 1, 6, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991). Thus, the time period in which a notice of appeal must be filed does not begin to run until the district court has decided the motion to reconsider. *Id.* at 6–7, 112 S.Ct. 4. In addition, the Tenth Circuit has held that a notice of appeal filed after a timely motion to reconsider must be held in abeyance until the district court decides the motion to reconsider. *United States v. Jackson,* 950 F.2d 633, 635 (10th Cir.1991). This allows "the district court to consider claims of error so that [the court of appeals] may review a criminal judgment which is final in the practical sense." *United States v. Varah,* 952 F.2d 1181, 1183 (10th Cir.1991). Thus, logically, the district court must have jurisdiction to decide a timely filed motion to reconsider which precedes the filing of a notice of appeal.

■ In this case, the notice of appeal was filed at precisely the same time as the motion to reconsider. As a result, the court is unable to determine which was filed first, although the court notes that the motion to reconsider was docketed before the notice of appeal. Therefore, the court finds that, in the interest of judicial economy, the court should exercise jurisdiction and decide the defendant's motion to reconsider on the merits.

### B. Motion to Reconsider Rulings Made in Chambers with Regard to Sentencing Issues (Doc. 117)

The defendant requests that the court reconsider its ruling in chambers that the defendant would not be eligible for the application of the safety valve if he contested the number of plants at sentencing. In support of this, defendant asserts that the government and the Probation Office have taken the position that the defendant "adopted" wild marijuana and that plants planted by defendant in previous years and dead plants should also be attributed to the defendant. Defendant asserts that he is not attempting to deny relevant conduct. Instead, defendant claims that he is

merely contesting how the plants were counted and which plants are to be included for sentencing purposes.

The government responds that counsel for the government does not recall any rulings being made in chambers, and, therefore, the court should summarily deny the motion because there is nothing to reconsider. In addition, the government asserts that defendant is essentially appealing the court's ruling by asking for reconsideration; therefore, the defendant would bear the burden of creating an adequate record. In the alternative, the government responds that it would not oppose re-sentencing the defendant and allowing him to present whatever arguments he now wishes to present. However, the government would also seek an order from the court determining whether the defendant is now denying his involvement and whether the defendant has given conflicting statements as to his involvement in the offense. The government points out that its obligations under the plea agreement are contingent upon the defendant's continuing manifestation of acceptance of responsibility and that, if the defendant should deny his involvement or give conflicting statements, then the government would not be bound by the terms of the plea agreement.

■ The court finds that defendant's motion to reconsider should be denied. The conversation in chambers prior to sentencing was held primarily for the defendant's benefit. The court made no rulings in chambers, but merely indicated to counsel for both sides that the court was inclined to apply the safety valve provision to this case. The court further indicated to counsel that the court did not believe defendant would be eligible for the safety valve provision if defendant continued to argue his objections with regard to the number of marijuana plants because he would no longer meet the fifth requirement for application of the safety valve by

truthfully providing to the government all information and evidence the defendant has concerning the offense. *See* U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). This belief was based not only upon the court's review of the KBI videotape of the counting of the marijuana plants, but also on the court's review of the statements provided by the defendant prior to sentencing.[2] Since there were no rulings made in chambers, there is nothing for the court to reconsider.

In addition, counsel for the defendant did not request that the conversation in chambers be placed on the record, nor did counsel attempt to make any sort of record once court was in session for the sentencing hearing. Upon review of the transcript of the sentencing hearing, the court finds that defense counsel never argued to the court that defendant should be allowed to contest the number of plants and still be eligible for the safety valve. Defense counsel also did not voice any objection, either in chambers or during the sentencing hearing, with respect to the court's view of the applicability of the safety valve. Therefore, the defendant did not make any kind of a record regarding the applicability of the safety valve if he contested the number of plants. If defendant believed that he should be allowed to contest the number of plants and still remain eligible for the safety valve, then he should have raised that argument with court so that it could be addressed on the record.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Reconsider Rulings Made in Chambers with Regard to Sentencing Issues (Doc. 117) is denied.

---

2. However, the court notes that the statements submitted by the defendant, in which he admitted providing the same care to the wild marijuana plants as he did to the marijuana that he planted, differ from what is now being argued in his motion to reconsider.