923 F.2d 862
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert McFADDEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-35412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1991.*
Decided Jan. 15, 1991.
 Before SNEED, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert McFadden, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to correct his sentence. McFadden contends that the district court erred in imposing a five-year special parole term. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 On December 11, 1986, McFadden pleaded guilty to an indictment charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B). McFadden committed this offense on October 14, 1986. On May 22, 1987, the district court sentenced him to a five-year term of imprisonment to be followed by a five-year special parole term.
 
 
 4
 McFadden's contention that the statute applicable to the offense he committed did not authorize a special parole term is meritless. McFadden pleaded guilty to a violation of 21 U.S.C. Sec. 841(b)(1)(B). The version of section 841(b)(1)(B) in effect when McFadden committed the offense imposed a mandatory special parole term of at least three years. See 21 U.S.C. Sec. 841(b)(1)(B) (1982 & Supp.III 1985).[1] Accordingly, the five-year special parole term was lawfully imposed on McFadden, and the district properly denied his section 2255 motion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McFadden's reliance on this court's decision in United States v. Torres, 880 F.2d 113 (9th Cir.1989), cert. denied, 110 S.Ct. 873 (1990), is misplaced. Torres held that 21 U.S.C. Sec. 841(b)(1)(A) as amended on October 12, 1984, did not authorize special parole terms for offenses punishable under that section committed before October 27, 1986. Id. at 114-15. McFadden, however, pleaded guilty to an offense punishable under section 841(b)(1)(B) and accordingly was sentenced under that section