JOHN A. HYDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hyde v. Commissioner
Docket No. 12907-88
United States Tax Court
T.C. Memo 1992-419; 1992 Tax Ct. Memo LEXIS 448; 64 T.C.M. (CCH) 265; July 27, 1992, Filed *448 Decision will be entered under Rule 155. For John A. Hyde, pro se. For Respondent: John W. Duncan. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3). All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income tax for 1984 and 1985, as well as additions to tax, as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1984
$ 3,157
$ 158
[1]
1985
1,825
92
[1]
After concessions, the issues for our decision are: (1) Whether petitioner is entitled to Schedule C deductions in excess of those allowed and conceded by respondent for the taxable years 1984 and 1985; (2) whether petitioner *449 is entitled to deduct a greater percentage of expenses than those allowed by respondent for business use of the 1224 Hoffman Street property; (3) whether petitioner's losses from rental property in 1984 and 1985 should be offset against his law practice income for these years in the computation of petitioner's net earnings from self-employment for purposes of the self-employment tax; and (4) whether petitioner is liable for additions to tax for negligence pursuant to section 6653(a)(1) and (2) for 1984 and 1985. Some of the facts have been stipulated and the stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner resided in Hammond, Indiana, when his petition was filed. Petitioner is an attorney and was actively engaged in the practice of law until the end of 1982. After that year, he began winding down his practice, and, during 1984 and 1985, he worked on a few remaining legal matters. On petitioner's Schedule C for each year, he indicated that (1) his main business activity was law and property management, and (2) his business address was 1224 Hoffman Street, Hammond, Indiana. Also attached to his Federal income tax returns for 1984 *450 and 1985 was Schedule E on which he reported his rental income and expenses for property which he owned located at 505 Emlyn Street, East Chicago, Indiana, and 1224 Hoffman Street, Hammond, Indiana. In each year, petitioner reported a rental loss. For 1984, petitioner deducted the total Schedule E rental loss of $ 10,795.38 on Schedule C under the heading "Other Expenses". For 1985, petitioner reported a rental loss of $ 9,206.04 on Schedule E. He then deducted $ 4,518.04 under the heading "Other Expenses" on Schedule C, and he also deducted the entire amount of the rental loss of $ 9,206 on line 14 of the return in arriving at his total income for 1985. By claiming the rental losses on the Schedules C for 1984 and 1985, petitioner also reduced his self-employment income subject to self-employment taxes. I. Schedule C Deductions -- Generally
For 1984 and 1985, petitioner reported gross income from his law practice of $ 18,100.14 and $ 13,856.00, respectively. He claimed business deductions for 1984 and 1985, exclusive of the losses on his rental properties, in the amounts of $ 5,581.16 and $ 9,675.95, respectively. Respondent, in the notice of deficiency and by agreements *451 reflected in the stipulation of facts, allowed business deductions in the amounts of $ 3,763.22 and $ 3,267.31 for 1984 and 1985, respectively. The remaining business deductions in issue in this case are auto repairs of $ 1,399.27 and supplies of $ 408.67 for 1984, and the following claimed business expenses for 1985: (1) car expenses -- $ 1,783.98; (2) supplies -- $ 315.84; (3) taxes -- $ 175.82; (4) court costs -- $ 433; (5) rent -- $ 2,600; and (6) court-imposed fine -- $ 1,100. We begin by noting that deductions are strictly a matter of legislative grace, and a taxpayer has the burden of establishing that he or she is entitled to any deduction claimed on the return. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). Generally, taxpayers are required to substantiate claimed deductions and credits by maintaining some type of records. See sec. 1.6001-1(c), Income Tax Regs. Under certain circumstances, where a taxpayer has no records to substantiate claimed deductions, we are permitted to estimate expenses *452 when we are convinced from the record that the taxpayer has incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order to make an estimation, "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose". Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Until the trier has that assurance from the record, relief to the taxpayer would be "unguided largesse". Id.; Cohan v. Commissioner, supra at 544. Accord Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Petitioner argues that although he cannot substantiate all of his claimed Schedule C deductions for 1984 and 1985, purportedly incurred with respect to his legal practice, the lack of documentation should not be "fatal". As a consequence, based on his "uncontroverted testimony", petitioner contends that he should be allowed all the deductions that respondent has disallowed. This Court is not bound to accept the unverified, undocumented testimony of petitioner. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), *453 affd. per curiam 540 F.2d 821 (5th Cir. 1976). To reiterate, in order for this Court to apply the rationale of Cohan v. Commissioner, supra, to any particular disallowed expenditure, there must be sufficient evidence to permit us to make an estimation. Williams v. United States, supra.Self-serving, vague, and undocumented testimony is insufficient. For convenience, we will discuss the facts and applicable law for each issue separately. A. 1984 Schedule C Deductions
Petitioner claimed deductions on his Schedule C for auto repairs and supplies of $ 1,399.27 and $ 650.93, respectively. Of these amounts, respondent disallowed the entire amount claimed for auto repairs and allowed $ 242.26 for supplies, disallowing the remainder. At trial, petitioner conceded that he had no receipts for supplies in excess of those considered and allowed by respondent. Based on the record, we hold that petitioner has not met his burden of proving that he is entitled to an additional deduction of $ 408.67 for supplies. Respondent is sustained on this issue. With regard to auto repairs, at trial petitioner produced 1984 receipts *454 for repairs and parts. In 1984, petitioner owned a 1974 Dodge van. The van was utilized by petitioner in connection with legal research, management of rental properties, and for personal use. During this year, the van was involved in an accident and was repaired. Also in 1984, petitioner acquired a Chevrolet Nova automobile from a client in settlement of a legal fee. Petitioner thereafter exchanged the Nova for his daughter's 1979 Pontiac. Repair bills totaling $ 826.65 were presented by petitioner for the Dodge van for 1984. The remainder of the repair bills for 1984 do not reflect the vehicle for which the expenses were incurred. It is clear from the record that petitioner used the 1974 Dodge van in conducting his business. As previously stated, the burden is on petitioner to prove the amount of the deduction to which he is entitled. Although the burden is on the taxpayer to maintain adequate records, in the absence of specific evidence, the Court can approximate expenses, bearing heavily upon the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, supra.Therefore, by applying the standards set forth in Cohan v. Commissioner, supra, *455 we determine that petitioner is entitled to a deduction for auto repairs for 1984 in the amount of $ 400. B. 1985 Schedule C Deductions
Petitioner claimed, on his Schedule C, the business deductions listed below, of which respondent allowed certain amounts also listed below: Deduction
Claimed
Allowed
Disallowed
Supplies
$   632.27
$ 316.43
$   315.84
Taxes
175.82
-0-  175.82
Rent
2,600.00
-0-  2,600.00
Car expenses
2,489.48
705.50
1,783.98
Court costs
633.00
200.00
433.00
Court-imposed fine
1,100.00
-0-  1,100.00
1. Supplies
Again, as in tax year 1984, petitioner had no receipts for supplies for 1985 in excess of the amount allowed by respondent, and the record does not permit us to determine that petitioner expended any greater amount. Therefore, respondent is sustained on this issue. 2. Taxes
There is no evidence in the record whatsoever to explain the nature of this claimed deduction. Therefore, respondent's disallowance is sustained. 3. Rent
With regard to the deduction of $ 2,600 for rent disallowed by respondent, petitioner claimed that this was for an office he shared with a person engaged in an insurance business *456 either in Midlothian or Oak Forest, Illinois, both suburbs of Chicago. He vaguely recalls that the rent payments were $ 1,800 and the utilities bills were $ 800. Petitioner has no documentary evidence supporting these claimed expenses and his testimony is not helpful. Under these circumstances, we cannot apply the rationale of Cohan v. Commissioner, supra.Based on the record, petitioner has failed to meet his burden for proof. Therefore, we sustain respondent's disallowance. 4. Car Expenses
Petitioner claimed car expenses in the amount of $ 2,489.48, of which respondent allowed $ 705.50 and disallowed the remainder. At trial, petitioner presented automobile repair receipts and a receipt for automobile insurance for the 1974 Dodge van. From the record, there is no way of determining if these are receipts for the disallowed portion of the deduction or if they had been previously allowed. Since petitioner has failed to show that he is entitled to any deduction for this expense in excess of that allowed by respondent, respondent is sustained on this issue. 5. Court Costs
Petitioner claims he is entitled to deduct $ 433 in Court costs which *457 respondent disallowed. There is no evidence whatsoever in the record on this issue. Because of this fact, petitioner is not entitled to any portion of the deduction in excess of that allowed by respondent, and respondent is sustained on this issue. 6. Court-Imposed Fine
The $ 1,100 claimed deduction relates to petitioner's legal representation of Judy Edgar and others who brought an action in the United States District Court for the Northern District of Indiana against their employer, Inland Steel Co., for failure to honor their claims of exemption from Federal income tax withholding. The plaintiffs also sought to recover wages withheld and paid over by their employer to the Government in satisfaction of their Federal income tax liability. The Federal District Court dismissed the action and the taxpayers appealed. The Court of Appeals in Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984), found that the lawsuit represented "yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues". The defendant requested costs and attorney's fees. On the *458 basis of Granzow v. Commissioner, 739 F.2d 265, 270 (7th Cir. 1984), affg. Basic Bible Church v. Commissioner, 74 T.C. 846 (1980), where the Court of Appeals held that "Abusers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith" and after noting that the plaintiffs' "rambling, one hundred and sixty-one paragraph complaint" contained virtually every imaginable timeworn challenge to the Federal income tax withholding system, Edgar v. Inland Steel Co., supra at 1278, the Court granted the defendant's request. Petitioner paid on behalf of the plaintiffs $ 1,100 representing the defendant's claimed attorney's fees and costs. Petitioner now seeks to deduct this payment as an ordinary and necessary business expense under section 162(a). Section 162(a) provides a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Sanford v. Commissioner, 50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). An ordinary and necessary expense *459 is one which is appropriate and helpful to the taxpayer's business and which results from an activity which is common and accepted practice. Deputy v. duPont, 308 U.S. 488, 495 (1940); Boser v. Commissioner, 77 T.C. 1124, 1132 (1981), affd. without published opinion (9th Cir. 1983). Petitioner's testimony on this issue is scant. The $ 1,100 payment is not a fine but represents the payment of the defendant's costs and attorney's fees. Ordinarily, the payment by a taxpayer of another's debt, absent any legal obligation and legitimate business purpose to do so, prevents such taxpayer from deducting the payment. Petitioner has not explained why he paid the costs and fees for his clients. The payment in question is a situation analogous to one in which an attorney advances funds to his clients for litigation costs. These are not deductible business expenses because the clients usually are under an obligation to repay such advances. Petitioner has failed to demonstrate that the payment was an ordinary and necessary business expense which was either appropriate or helpful in connection with his legal practice. It is inconceivable to this Court *460 that the bringing of a patently frivolous appeal and subsequent payment of clients' court-imposed costs could constitute a common and accepted practice. Therefore, we sustain respondent's disallowance of this claimed deduction. II. Disallowance of Portion of Rental Loss for 1224 Hoffman Street
During the years in issue, petitioner lived in the basement of a rental property which he owned at 1224 Hoffman Street, Hammond, Indiana, a one-story building which contained a basement where the toilet, sink, and shower were located. There was a store in the front of the building. Behind the store there were two three-room rental apartments. There was also one rental apartment in the basement, in addition to the area in which petitioner lived. Petitioner used the storefront part of the building as an office where he conducted his law practice and kept books and records pertaining to both his rental buildings (1224 Hoffman Street and 505 Emlyn Street). Apparently, petitioner also used space to the side of the store, approximately 9 feet by 15 feet, as an office. Respondent disallowed 20 percent of the rental loss claimed with respect to the Hoffman Street property because of *461 petitioner's use of a portion of the premises for personal living. Based on the record, we sustain respondent's determination. Petitioner has failed to persuade us that respondent's allocation of the percentage of personal use is incorrect. III. Computation of Self-Employment Tax
Respondent contends that petitioner cannot offset his law practice income with the rental loss generated from the Hoffman Street and Emlyn Street properties since petitioner was not a real estate dealer in the year at issue. Petitioner argues that the losses from the house rentals should not be excluded from the determination of his net self-employment income because he was actively engaged in the management of his real estate. Section 1401 imposes a tax on self-employment income. Section 1402(a) generally defines "net earnings from self-employment" as gross income from a trade or business less allowable deductions attributable to such trade or business. Section 1.1402(a)-2(c), Income Tax Regs., allows an individual who is involved in more than one trade or business to aggregate income and losses from all trades or businesses in determining net earnings from self-employment. Rentals from real *462 estate and the deductions attributable thereto are excluded from the computation of net earnings from self-employment unless the rentals are received in the course of a taxpayer's trade or business as a real estate dealer. Sec. 1402(a)(1); Hopper v. Commissioner, 94 T.C. 542, 545 (1990); sec. 1.1402(a)-4(a), Income Tax Regs.
An individual who is engaged in the business of selling real estate to customers with a view to the gains and profits that may be derived from such sales is a real estate dealer. Sec. 1.1402(a)-4(a), Income Tax Regs. On the other hand, an individual who merely holds real estate for investment or speculation and receives rentals therefrom is not considered a real estate dealer. Sec. 1.1402(a)-4(a), Income Tax Regs. For the purposes of determining whether petitioner is a real estate dealer and whether the Hoffman Street and Emlyn Street properties were held in this capacity, the tests are those applied under chapter 1 of the Code in determining whether a person is engaged in the business of selling real estate to his customers. H. Rept. 1300, 81st Cong., 1st Sess. (1949), 1950-2 C.B. 255, 294-295; S. Rept. 1669, 81st Cong., *463 2d Sess. (1950), 1950-2 C.B. 302, 354. Under chapter 1 of the Code, whether property is held by a taxpayer for investment or speculation, or for sale to customers in the ordinary course of a trade or business, is a question of fact. Cottle v. Commissioner, 89 T.C. 467, 486 (1987); Daugherty v. Commissioner, 78 T.C. 623, 628 (1982). Here, petitioner, an attorney, acquired and held the properties as investments. Petitioner did not have a real estate license and did not sell real estate for a living in 1984 and 1985. Petitioner was not a dealer in real estate, and he did not hold properties primarily for sale in the ordinary course of his trade or business. Petitioner's endeavors with regard to his realty were no different from any other owner of rental property, namely advertising for tenants, executing leases, collecting rents, interviewing potential tenants, and keeping books and records of rental income and expenses. In fact, petitioner testified that he hired a person to collect mail, to collect rent at times, and to perform various other maintenance duties. We find petitioner was not in the trade or business of being *464 a dealer in real estate. Furthermore, petitioner failed to carry his burden of proving that he rendered services to the occupants within the scope of section 1.1402(a)-4(c)(2), Income Tax Regs. Therefore, the rental expenses for the years at issue cannot be used as an offset to petitioner's income from his law practice for self-employment tax purposes. IV. Negligence Additions
Respondent determined that petitioner is liable for the additions to tax provided in section 6653(a). Petitioner contends that he is not so liable because the Forms 1040 lacked the proper OMB number, and therefore the Forms were not authorized under the Code of Federal Regulations. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Subsection (a)(2) imposes an addition to tax equal to 50 percent of the interest on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioner bears the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Negligence under section 6653(a) means lack of due care or *465 failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner failed to keep adequate records in order to substantiate his Schedule C expenses as required by section 6001 and has not proved any sufficient legal justification of his failure to do so. This by itself is sufficient cause for us to hold for respondent on this issue. It is our understanding after reading petitioner's rambling, barely coherent brief that he argues he should not be subject to any additions to tax because respondent has not complied with the provisions of the Paperwork Reduction Act of 1980. 44 U.S.C. secs. 3501-3520 (1988). Petitioner contends that the Forms 1040 which he filed for 1984 and 1985 and which bear OMB number 1545-0074, are invalid because the OMB Control Number is incorrect or nonexistent. Therefore, petitioner contends that the Forms 1040 are "bootleg" and "can be disregarded without penalty". Petitioner's contentions here are the epitome of legal sophistry. The regulations issued pursuant to the Paperwork Reduction Act of 1980 provide that "An agency shall not engage in *466 a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number". 5 C.F.R. sec. 1320.4 (1985). The regulations further provide that "no person shall be subject to any penalty for failure to comply with any information collection request if the request does not display a currently valid OMB control number". 5 C.F.R. sec. 1320.5(a) (1985); see 44 U.S.C. secs. 3507(f), 3512 (1988). However, the Internal Revenue Service has obtained OMB approval of the process of collecting information through Federal income tax returns. The OMB has assigned numbers 1545-0074, 1545-0675, and others to that process. Sec. 602.101(c), Statement of Procedural Rules. This process of collection of information is authorized in the regulations. These regulations include, among others, those relating to taxpayers' record keeping and reporting requirements, sec. 1.6001-1, Income Tax Regs., those relating to the duty of taxpayers to file Federal income tax returns, sec. 1.6011-1, Income Tax Regs., and those relating to persons required to file income tax returns, sec. 1.6012-1, Income Tax Regs. *467 Mitchem v. United States, No. CIV 89-272-TVC-WDB (D. Ariz., Nov. 9, 1989), affd. without published opinion 923 F.2d 862 (9th Cir. 1991); No. 90-15078, 1991 U.S. App. Lexis 1092 (9th Cir., Jan. 24, 1991). Therefore, petitioner's contentions have no merit. Finally, we will not consider petitioner's other frivolous, timeworn tax protester arguments raised in his brief. To give effect to the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩