MERTON W. PEKRUL AND LINDA L. PEKRUL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pekrul v. Commissioner
Docket No. 20472-91
United States Tax Court
T.C. Memo 1992-455; 1992 Tax Ct. Memo LEXIS 476; 64 T.C.M. (CCH) 453; August 11, 1992, Filed An appropriate order of dismissal and decision will be entered. For Merton W. Pekrul, pro se. For Respondent: Stephen S. Ash. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss For Failure to State a Claim upon which relief can be granted. The motion was calendared for hearing in Phoenix, Arizona, on March 9, 1992. When this case was called from the calendar, counsel for respondent appeared and was heard. Petitioner Merton W. Pekrul appeared and was heard. There *477 was no appearance by petitioner Linda L. Pekrul. In a notice of deficiency mailed to petitioner Merton W. Pekrul on June 6, 1991, respondent determined the following deficiencies in and additions to his Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1984
$ 4,507
$ 1,127
$ 225
[1]
$ 284
1985
7,492
1,873
375
[1]
429
1988
5,047
1,262
252
--
322
Also on June 6, 1991, respondent mailed a notice of deficiency to petitioner Linda L. Pekrul, determining the following deficiencies in and additions to her Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1984
$ 1,397
$ 349
$ 70
[1]
$ 87
1985
2,819
705
141
[1]
162
1988
3,672
918
184
--
234
In both notices of deficiency, respondent determined *478 that petitioners, married individuals domiciled in Arizona, a community property State, failed to file Federal income tax returns for 1984, 1985, and 1988, and did not report community property income earned in the following amounts for those years: Source
1984
1985
1988
Mass. Indemnity & Life Ins. Co.
$ 15,594
$  6,929
$   --  First American National
Securities, Inc.
11,929
1,264
--  Trinity Foundation
8,333
Shell Mining Ltd.
--  31,455
--  Eastside Christian Schools
--  --  5,408
Family Bible Church
--  --  17,660
Family Bible Church
--  --  12,500
Total Community Income
$ 27,523
$ 39,648
$ 43,901
1/2 of Community Income
$ 13,761
$ 19,824
$ 21,950
Respondent further determined that each petitioner was liable for self-employment taxes. In arriving at the deficiency for each taxable year, respondent subtracted from total income the applicable amount for exemptions and standard deductions. Since petitioners did not file returns, respondent computed the income tax deficiencies using the tax tables for married persons filing separately. Respondent then computed self-employment tax on income subject to this tax and the additions *479 to tax set forth above. Petitioners mailed a letter to the Court which we filed as a petition on September 9, 1991. By Order dated September 11, 1991, we directed petitioners to file, on or before November 12, 1991, a proper amended petition, and pay the $ 60 filing fee. Petitioners filed their Amended Petition on November 21, 1991. At the time petitioners filed their petition, they resided in Mesa, Arizona. In their Amended Petition, petitioners contend that respondent erred as follows: (a). Error in failing to make a determination that the Petitioners are liable to the income tax imposed by the Code before issuing the Notice of Deficiency. (b). Error in issuing a Notice of Deficiency without making a written determination that a deficiency exists. (c). Error in imposing and assessing penalties against the Petitioners for negligence and failing to file in violation of the Administrative Procedures Act of 1946, 5 USC § 551 et. seq.
(d). Error in imposing and assessing penalties against the Petitioners for negligence and failing to file in violation of § 3512 of the Paperwork Reduction Act of 1980, 44 USC § 3501 et. seq.
The purported facts upon *480 which petitioners rely can be summarized as follows: (a) Although born in Ingham County, Michigan, petitioner Merton Pekrul was born "without" the United States; (b) although petitioners are both Americans by birth and permanently reside in Maricopa County, Arizona, they are not citizens or residents of the United States or the State of Arizona; (c) petitioners have not received any income or conducted any trade or business "within" the United States as defined in the Internal Revenue Code and the Treasury regulations; therefore, they are not taxpayers; (d) the district directors have not been properly delegated to issue statutory notices of deficiency; (e) petitioners have been unable to find the current job descriptions for the tax examiner, which should have been published in the Federal Register; (f) the regulations promulgated by the Secretary for preparation of the Form 1040 do not adequately describe the scope and contents of the information contained in Form 1040 and are not published in the Federal Register; (g) the Secretary and the Internal Revenue Service (IRS) are not exempt from the Administrative Procedure Act; (h) the IRS has failed to apply for and receive clearance *481 for the regulations related to the reporting and record keeping requirements for the Form 1040 for the years 1984, 1985, and 1988 from the Office of Management and Budget (OMB) or has failed to state that approval or clearance is not required by the Paperwork Reduction Act (Act) or its regulations; (i) the IRS has failed to apply for and receive clearance for the Form 1040 from the OMB or to state that it is not required to do so by the Act or its regulations; (j) the IRS has failed to display on the Form 1040 the clearance expiration date assigned by the OMB or to state that it is not required to do so by the Act or its regulations; (k) the IRS has failed to apply for and receive clearance for the instructions to the Form 1040 from the OMB or state that it is not required by the Act or its regulations; and (l) the IRS failed to display on the instructions to the Form 1040 the clearance expiration date assigned by the OMB, or to state that it is not required by the Act or its regulations. Petitioners' Amended Petition contains virtually all imaginable timeworn challenges to the Federal income tax system which have been totally rejected by this Court and other courts. Before addressing *482 the merits of respondent's motion, we will briefly address petitioners' contentions and hope that they will see the error of their misguided beliefs. Section 7701(a)(14) defines the term "taxpayer" "as any person subject to any internal revenue tax." Section 61(a)(1) defines gross income as "all income from whatever source derived," including but not limited to "Compensation for services, including fees, commissions, fringe benefits, and similar items". Section 63 defines and explains how to compute "taxable income". Section 1 then imposes a tax based upon taxable income. A Federal income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts. Sec. 6012; sec. 1.6012-1(a), Income Tax Regs. Petitioners' gross income in each year exceeds the minimum amount. In short, petitioners are taxpayers subject to the income tax laws. As explained in United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981): Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the courts of this republic to be income, subject to the income tax laws currently applicable. We recognize *483 that the tax laws bear heavily on all persons engaged in gainful activity, and recognize the right of a taxpayer to minimize his taxes by all lawful means. But Romero here is not attempting to minimize his taxes; instead he is attempting willfully and intentionally to shift his burden to his fellow workers by the use of semantics. He seems to have been inspired by various tax protesting groups across the land who postulate weird and illogical theories of tax avoidance, all to the detriment of the common weal and of themselves. The foregoing language in United States v. Romero, supra, is equally applicable here. Petitioners attempt by means of citation of voluminous legal authorities to argue patently absurd propositions, essentially that they are nonresident aliens despite the fact that they were born and live in the United States. Their hope is that they will find some semantic technicality which will render them exempt from Federal income tax, which applies generally to all U.S. citizens and residents. Petitioners' arguments concerning the illegality of Form 1040 under the Paperwork Reduction Act of 1980, 44 U.S.C. secs. 3501-3520 (1988), are entirely *484 without basis in fact. The regulations issued pursuant to the Paperwork Reduction Act provide that "An agency shall not engage in a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number." 5 C.F.R. sec. 1320.4 (1985). The regulations further provide that "no person shall be subject to any penalty for failure to comply with any information collection request if the request does not display a currently valid OMB control number". 5 C.F.R. sec. 1320.5(a) (1985); see 44 U.S.C. secs. 3507(f), 3512 (1988). The Internal Revenue Service has obtained OMB approval of the process of collecting information through Federal income tax returns. The OMB has assigned numbers 1545-0074, 1545-0675, and others to that process. Sec. 602.101(c), Statement of Procedural Rules. This process of collection of information is authorized in the regulations. These regulations include, among others, those relating to taxpayers' record keeping and reporting requirements, sec. 1.6001-1, Income Tax Regs., those relating to the duty of taxpayers to file Federal income tax returns, sec. 1.6011-1, *485 Income Tax Regs., and those relating to persons required to file income tax returns, sec. 1.6012-1, Income Tax Regs.Partos v. Commissioner, T.C. Memo. 1991-408; Beam v. Commissioner, T.C. Memo. 1990-304, affd. without published opinion 956 F.2d 1166 (9th Cir. 1992); see also Mitchem v. United States, No. CIV 89-272-TVC-WDB (D. Ariz., Nov. 9, 1989), affd. without published opinion 923 F.2d 862 (9th Cir. 1991), No. 90-15078, 1991 U.S. App. Lexis 1092 (9th Cir., Jan. 24, 1991). Turning to the merits of respondent's present motion, Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioners can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Respondent's determinations in the notices of deficiency are presumed correct. Rule *486 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In addition, any issue not raised in the pleadings is presumed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736 (1980). Because petitioners have not raised any justiciable facts or issue in their petition, we will grant respondent's motion to dismiss. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). This case is a prime example of when it is appropriate for this Court, on its own motion, to require petitioner to pay to the United States a penalty, pursuant to section 6673(a)(1) which provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United *487 States a penalty not in excess of $ 25,000. The record in this case establishes that petitioner Merton W. Pekrul instituted and maintained this proceeding primarily for delay. Furthermore, he has raised only the tired, discredited arguments which are characteristic of tax protester rhetoric which have been totally rejected by this Court and other courts. The purpose of section 6673(a)(1) is to compel a taxpayer to think and to conform his conduct to settled principles before he litigates. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Based upon established law, petitioner Merton W. Pekrul's position in this case is both frivolous and groundless. Because we find that this proceeding has been instituted and maintained by petitioner Merton W. Pekrul primarily for delay and that his position is both frivolous and groundless, we will require petitioner Merton W. Pekrul to pay to the United States a penalty of $ 2,500. To reflect the foregoing, An appropriate order of dismissal and decision will *488 be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩